## OSTEEN v. SOUTHERN RY.—CAROLINA DIVISION.

1. RAILROADS—LOOK AND LISTEN.—Under the evidence in this case the question whether failure of deceased to look and listen before attempting to cross the railroad track was contributory negligence was properly submitted to the jury.

2. IBID.—SIGNALS.—Although deceased was hard of hearing, it was competent to admit evidence of failure to give statutory signals on approaching a highway crossing in response to the allegations in the complaint of recklessness.

 *Mack* v. *R. R. Co.,* 52 S. C., 323, *affirmed.*

3. IBID.—CROSSINGS.—Refusal of request as to degree of care required of traveler at hazardous crossing, if error was not prejudicial, as the principal therein stated was practically covered by other requests charged.

4. IBID.—SIGNALS.—In a case in which there is evidence tending to show negligence on both sides, and there is doubt as to which was the proximate cause of an injury, it is not error to instruct jury they may consider whether the failure to give the statutory signals was the proximate cause of the injury, although the deceased saw the train.

5. IBID.—CROSSINGS.—A deaf man approaching a railroad crossing is only required to be so vigilant in using his eyes as is necessary for the exercise of due care.

6. CONSTITUTIONAL LAW.—THE ACT OF 1902, 23 STAT., 1071, permitting juries to give punitive damages for negligent killing in certain cases does not violate the provisions of the United States Constitution prohibiting taking of property without due process of law.

7. ACTION FOR NEGLIGENT KILLING, PERMITTED BY STATUTE, IS A NEW CAUSE OF ACTION, and not the survival of an action accruing to deceased and in certain cases therein named, the jury may give such punitive damages as they think just and fair, and are not limited in proportion to the injury sustained.

8. RAILROADS—PUNITIVE DAMAGES.—In an action under section 2139, of the Code of 1902, for violation of section 2132, the jury may give punitive damages.

9. IBID.—CROSSINGS—SIGNALS.—Charge in effect covers the proposition that gross or wilful negligence on part of deceased would be a defense to an action for wilful failure to give statutory signals on approaching a crossing.

Before HYDRICK, J., Kershaw, April, 1906.   Affirmed.

Action by Henrietta Osteen, as administratrix of Willie E. Osteen, against Southern Railway, Carolina Division. From judgment for plaintiff, defendant appeals on the following exceptions:

"1. Excepts because his Honor erred in refusing defendant's first request to charge, which was as follows: 'The evidence in this case shows beyond controversy that the deceased drove upon the railroad track without looking, and that he was hard of hearing. Such being the undisputed evidence, I charge you that the deceased failed to exercise the care required of him by law, and your verdict must be for defendant.' Said request, it is submitted, was correct as to the law and the evidence, and his Honor should have charged the jury as therein requested.

"2. Excepts because his Honor erred in refusing defendant's second request to charge, which was as follows: 'The law requires a traveler who knows that he is about to cross the track of a railroad to look and listen for approaching trains before attempting to cross, and that he must do this at such a distance as will enable him to stop, in case he hears or sees an approaching train (*Sou. Ry.* v. *Carroll,* 138 Fed. Rep., 641; S. & R. on Negligence, 746). The evidence in this case being undisputed that the deceased failed to do this, I charge you, as a matter of law, that your verdict must be for the defendant.' Said request, it is submitted, was correct as to the law and the evidence, and his Honor should have charged the jury as therein requested.

"3. Excepts because his Honor erred in refusing defendant's third request to charge, which was as follows: 'The undisputed evidence in this case shows that the deceased, after reaching a point twelve to twenty feet from the railroad track, had an unobstructed view of the approaching train for a distance of at least 120 feet, and it being a physical impossibility for the deceased to have looked and not seen the approaching train, and from the undisputed evidence, it appearing that if he had looked, he could have kept off the track and prevented the accident, I charge you, as a

24—76

matter of law, that the deceased failed to exercise the care required by law, and plaintiff cannot recover in this action.' Said request, it is submitted, was correct as to the law and the evidence, and his Honor should have charged the jury as therein requested.

"4. Excepts because his Honor erred in refusing defendant's fourth request to charge, which was as follows: 'If you should find from the evidence, if there be such evidence, that the deceased was hard of hearing, or deaf, and could not hear the approach of the train, then it matters not whether the railroad company gave the signals required by the Statute, because the object of giving signals is to give notice to persons wishing to cross, who can hear them.' Whereas, the request contained a correct proposition of law applicable to the case, and should have been charged; and its refusal was to defendant's prejudice.

"5. Excepts because his Honor erred in refusing to charge defendant's ninth request, which was as follows: 'If you should find that the crossing in question is more hazardous than an ordinary crossing, on account of the trees and shrubbery referred to, then I charge you that this fact required the deceased to use more care than he would have used at an ordinary crossing. The greater the danger at a public crossing, the greater the degree of care to be used by the person attempting to cross the railroad track.' It is respectfully submitted that this request contained a correct proposition of law applicable to the facts of this particular case, and its refusal was to defendant's prejudice.

"6. Excepts because his Honor erred in refusing to charge defendant's tenth request, which was as follows: 'If one sees or hears an approaching train in time for him to keep from getting on the railway track in front of such train, it is his duty to stop before entering upon such track; and if he fails to do this and undertakes to go upon or across such track in front of the engine, and by reason of this is struck, he (or in case of his death his administrator) can not recover damages on account of such injury, for failure to ring

the bell or sound the whistle, even though the Statute required such a signal at such place, and even though the bell was not rung or the whistle blown, as the Statute requires.'

"And in modifying the same by charging: 'The requirement of the Statute that the bell shall be rung or the whistle blown is intended to give warning of the approach of a train, and unless the failure to ring the bell or blow the whistle contributes to the injury as the proximate cause of it (in the words of the Statute, which I will read to you directly), of course, the failure to ring the bell or blow the whistle cannot be said to have made any difference; but if it did, no matter for what cause, then the party would have the right to take advantage of the signals—I mean, of whatever advantage the giving of those signals would amount to, in whatever way it might arise.' The modification deprived the defendant of the specific charge desired—that if plaintiff's intestate saw or heard the train in time to keep off the track, the failure to give the statutory signal would not allow a recovery on the statutory cause of action. The purpose of such signal being to give notice of the approach of the train, if plaintiff's intestate saw or heard it in time to prevent the accident, there could be no recovery under the Statute. The benefit of this proposition was denied.

"7. Excepts because his Honor erred in refusing to charge defendant's twelfth request, which it is submitted contained a correct proposition of law, applicable to this case. Said request being as follows: 'The traveler is required to give way to any train which is in sight or hearing, and moving so rapidly as to make it doubtful whether he can cross in perfect safety.'

"8. Excepts because his Honor erred in refusing to charge defendant's fourteenth request, which is as follows: 'If you find from the evidence that the deceased was hard of hearing, or deaf, then I charge you that he was required, under the law, to be more vigilant in the use of his eyes.'

"And in modifying the same by charging: 'If due care required him to do so. That is all he is required to exercise— due care, and whatever that required him to do he is bound to do.' Said request as submitted contained a correct proposition of law applicable to the case, and should, therefore, have been charged. The modification destroyed the entire effect of the requst, and was calculated to mislead the jury as to the proposition therein requested.

"9. Excepts because his Honor erred in refusing defendant's seventeenth request to charge, which contained a correct proposition of law, applicable to the case. Said request was as follows: 'The fact that a person injured at a railroad crossing relied on the ringing of the bell or the sounding of the whistle (signals usually given at the crossing), will not excuse his failure to look and listen, since the obligation to use care was equally imposed on each, and the negligence of one would not excuse the other.'

"10. Excepts because his Honor erred in refusing to charge defendant's nineteenth request, which contained a proper construction of the Act therein referred to, said request being as follows: 'So much of the Statute, approved February 27th, 1902 (23 Stat., 1071), as allows punitive damages, is in contravention of the Constitution of this State and the United States, in that it deprives the defendants of their property and turns it over to strangers without due process of law.'

"11. Excepts because his Honor erred in charging the jury as follows: 'But if you find the defendant was negligent, and the contributory negligence of Osteen does not defeat her right to recover, you will compensate for her injury. In doing so, you take into consideration the age of her intestate, his earning capacity, his expectancy of life. Common sense and reason will teach you, as a rule, that the value of lives are different, depends somewhat on the length of time a man is expected to live and his capacity to earn money, and the value of his life to his family. You also will take into consideration the wounded feelings, grief and

sorrow and mental anguish of his widow and children, and give plaintiff such sum as in your honest, wise judgment you think is proportioned to the injury resulting from the death of Mr. Osteen, to the parties for whom and whose benefit this action is brought. If you find from the testimony that the Southern Railway Company was also guilty of reckless, wilful, wanton disregard of his rights, then you will add to that sum such amount as you think they ought to be required to pay as punishment for their wantonness.' Whereas, under the Statute (23 Stat., 1071), the jury can only give exemplary damages, 'where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury resulting from such death to the parties respectively, for whom and for whose benefit such action shall be brought;' and cannot give such amount as the jury think the defendant ought to be required to pay as punishment for their wantonness, without reference to the injury resulting to the parties for whose benefit the action was brought.

"12. Excepts because his Honor erred in charging the jury: 'If you find from the testimony that the Southern Railway Company was also guilty of reckless, wilful, wanton disregard of his rights, then you will add to that sum' (the actual damages) 'such amount as you think they ought to be required to pay as punishment for their wantonness.' Such charge allowed the jury to assess such damages as they might think necessary to punish the defendant without reference to the injury sustained by the parties for whom and for whose benefit the action was brought. Whereas, the Statute (23 Stat., 1071), limits the damages to be given by the jury in proportion to the injury sustained by said parties.

"13. Excepts because his Honor erred in construing the Act entitled 'An Act to amend Sec. 2852 of the Code of Laws of South Carolina, 1902, relating to the Persons for Whose benefit Civil Actions for Wrongful Acts Causing Death may be Brought,' approved February 27, 1902 (23 Stat., 1071),

to allow the jury to give punitive damages without refer-
ence to the injury sustained; and in not restricting the
amount of punitive damages in proportion to the injury
sustained by the parties from whom and for whose benefit
the action was brought—such construction being in violation
of Art. XIV., Sec. 1, of Amendments to the Constitution
of the United States, and Art. I., Sec. 5, of the Constitution
of the State of South Carolina.

"14. Excepts because his Honor erred in refusing to
charge defendant's twentieth request, which was as follows:
'There is no evidence in this case tending to show wilfulness,
wantonness or recklessness on the part of the defendant, and
I charge you that you can only find actual damages, if you
find anything, for the plaintiff;' whereas, it is submitted,
that the evidence warranted the charging of this request. .

"15. Excepts because his Honor erred in charging the
jury on the subject of punitive damages, in this: That one
of the causes of action on which the plaintiff sought to re-
cover was under Section 2139 of the Code, for violation of
Section 2132, and the jury was authorized to give punitive
damages to the plaintiff if the railroad company had wil-
fully violated said Section 2132. Whereas, it is submitted,
that under Section 2139 of the Code, only actual damages
can be recovered for a violation of Section 2132.

"16. Excepts because his Honor erred in charging the
jury as follows: 'But if you wilfully and wantonly injure
me, the law says then, though I might have been negligent
to such an extent that my negligence contributed to the in-
jury, but if it was due to your wantonness or recklessness,
the law says that my contributory negligence shall not be a
defense against your wilful, wanton, reckless disregard of
my rights;' and further, 'I have told you if you find the
Southern Railway, through its agent or servant, was guilty
of wilful, wanton, reckless disregard of his rights, why then,
the doctrine of contributory negligence does not apply, and
would not be a defense to that cause of action.' The error
being that one of the causes of action in the case is a statu-

tory cause of action for violation of Section 2132 of the
Code, to which cause of action under Section 2139 of the
Code, gross or wilful negilgence on the part of the plaintiff's
intestate contributing to the injury, would be a defense, even
if the failure of the railroad company to give the signal re-
quired by Section 2132, was reckless, wanton or wilful.

"17. Except because his Honor erred in overruling the
fist ground of the motion for a new trial, the same being as
follows: 'Because the evidence showed beyond controversy
that the crossing at which the accident occurred was hazard-
ous, the view being obstructed up to a point from twelve to
twenty feet from the track; that the deceased drove upon it,
with his horse in a trot, and although hard of hearing, failed
to stop or look. Under such undisputed evidence plaintiff
was not entitled to recover, as a matter of law.'

"18. Excepts because his Honor erred in overruling the
fourth ground of the motion for new trial, the same being
as follows: 'Because, under the charge, the jury was per-
mitted to give punitive damages, under Section 2139 of
Code, for a neglect to comply with Sec. 2132; whereas, Sec.
2139 does not allow punitive damages.' "

*Messrs. B. L. Abney and E. M. Thompson* for appellant.
*Mr. Thompson* cites: *Care required of one approaching a
railroad crossing:* 63 S. C., 218; 67 S. C., 367; 138 Fed.
R., 638; 95 U. S., 697; 72 S. C., 392; 3 Elliott on R. R.,
sec. 1166. *If deceased could not have heard signals, it was
not negligence as to him to fail to give them:* 34 S. C., 451.
*Degree of care required of deaf person in use of his eyes:*
130 Fed., 65; 40 Mo. App., 535; 2 Shear. & Red. on Neg.,
291. *Reliance on signals does not relieve of duty to look
and listen:* 23 A. & E. R. Cas., 148. *So much of statute as
permits punitive damages for negligent killing is unconstitu-
tional:* 60 S. C., 72, 401; 16 Am. R., 270. *But if allowed
they should only be proportioned to the injury:* 53 S. C.,
456; 60 S. C., 73; 129 Mich., 140; 20 Fed. Cas., 540; 132
Mich., 292; 56 S. C., 81; 177 U. S., 309. *Failure to give*

*signals should not be admitted as evidence of wilfulness:*
54 S. C., 505; 72 S. C., 355; 75 S. C., 156. *Where a statute imposes a liability under certain conditions, the only inquiry is whether the conditions existed:* 47 S. C., 111; 29 S. C., 323; 75 S. C., 156; 2 Street Railway R., 421; 73 Miss., 110; 29 S. C., 146; 117 Ala., 367; 17 Har. L. Rev., 428; 92 Ala., 262; 107 Ind., 89; 110 Ind., 376; Cool. Torts. 3d., 1443.

*Messrs. Kirkland and Smith,* contra, cite: *Whether failure to look and listen is contributory negligence is usually for the jury:* 72 S. C., 392; 32 S. C., 299; 61 S. C., 187; 7 Ency., 443. *As to effect of failure to give statutory signal on approach of a deaf traveler:* 29 S. C., 318; 58 S. C., 227. *Judge should not charge that certain facts constitute negligence:* 19 S. C., 39; 51 S. C., 296; 52 S. C., 438; 54 S. C., 498; 55 S. C., 180; 29 S. C., 381; 41 S. C., 1; 25 S. C., 25; 29 S. C., 303; 54 S. C., 509; 35 S. C., 493; 25 S. C., 30; 51 S. C., 453; 52 S. C., 279. *Act permitting punitive damages in cases of negligent killing is not violative of U. S. Constitution:* 8 Ency., 924; 194 U. S., 910; 102 Fed., 62; 118 F., 24. *This statute does not require verdict for punitive damages to be proportioned to injury:* 34 S. C., 324; 53 S. C., 449; 74 S. C., 320; 69 S. C., 545. *Upon allegations of wilfulness it is proper to send issue of punitive damages to jury:* 65 S. C., 517; 64 S. C., 514; 65 S. C., 122, 430, 510; 54 S. C., 498. *Duty of railroad on approaching dangerous crossing:* 8 Ency., 407, 412, 413; 65 S. C., 218; 61 S. C., 499: 52 S. C., 344; 54 S. C., 507; 60 S. C., 74. *Punitive damages may be given under sec. 2139, Code 1902:* 75 S. C., 156.

March 25, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was brought to recover damages, for the alleged wrongful death of plaintiff's intes-

tate, Willie E. Osteen, by a passenger train, at a highway crossing near the outskirts of the city of Camden, S. C., on the 14th of December, 1903.

The complaint alleges that the crossing was hazardous in its nature, by reason of a close and extensive growth of trees and dense shrubbery, so located with reference to the line of railroad and public highway, as to prevent an observation, and totally obstruct a view of defendant's track north of said crossing, and a train approaching from a northerly direction, by one approaching the crossing, traveling from the city of Camden. That the vicinity of the crossing was, and for a long time prior to the accident, extremely populous; that the crossing was much traveled, and was in almost constant use by pedestrians and vehicles, all of which was in open view of the defendant. That the death of plaintiff's intestate was caused by the careless, negligent, reckless, wanton and wilful acts of the defendant, in running its train at a reckless rate of speed, and in failing to give notice, by the statutory signals or otherwise, of the approaching train.

The answer admits the collision, and that the plaintiff's intestate died in consequence thereof. It is, in effect, a denial of all the other allegations, except the allegations with reference to the trees and shrubbery, as to which it alleges that it is not the owner, and has no control over the same, but that they belong to the Upton Court Inn, which has them enclosed by a fence.

The defendant also interposed the following defense: "That plaintiff's intestate, the said Willie E. Osteen, at the time and place mentioned in the complaint, in failing to exercise any care or prudence to guard his own safety and failing to stop, look and listen before going upon the railroad track as he did, and in not heeding the signals given by bell and whistle by the train referred to, and in undertaking to cross in front of the train at the time and place and under the circumstances he did, was guilty of carelessness and

negligence and also gross or wilful negligence, which contributed as a proximate cause to his death."

The jury rendered a verdict in favor of the plaintiff for $10,000.00, and the defendant appeals upon exceptions which will be reported.

*First, second, third and seventeenth exceptions:* These exceptions will be considered together. In the case of *Bamberg* v. *R. R.,* 72 S. C., 389, 392, the rule is thus stated: "No doubt the failure to look and listen immediately before going on a railroad track, under some circumstances, would be held to admit of no other inference, than that the person injured was guilty of contributory negligence, and in such cases the Court would grant a nonsuit, on the principle announced in *Jarrell* v. *Ry. Co.,* 58 S. C., 491, 36 S. E., 910. But support is not to be found in principle or authority, for the proposition that it is contributory negligence, under all circumstances, not to look and listen before attempting to cross a railroad track. The view taken in this State is that it is ordinarily for the jury to say whether the attempt, without taking these precautions, was negligence."

There was testimony tending to show negligence both on the part of the plaintiff's intestate and the defendant, and the question was properly submitted to the jury.

*Fourth exception:* The complaint is not only for compensatory, but likewise for punitive damages, and testimony to the effect, that the defendant failed to give the signals required by Statute, was competent, on the ground that it was responsive to the allegations of recklessness. *Mack* v. *R. R.,* 52 S. C., 323, 29 S. E., 905.

The appellant's attorneys were granted permission to review the case of *Mack* v. *R. R.,* but this Court adheres to the rule therein stated.

*Fifth exception:* The defendant also presented the following requests:

"A person going upon a railroad track or going to cross a
          railroad track, is rigidly required to do all that care
          and prudence would dictate to avoid injury, and the
          greater the danger, the greater the care that must
be used to avoid injury.

"There is no rule of law which relieves or absolves a
person from looking out for the train, when he goes upon
or to cross the railroad track. He must use ordinary care,
and that involves the use of all 'his senses.' "

These were changed, and even if there was error in refus-
ing to charge the request set out in the exception, such
refusal was not prejudicial.

*Sixth and seventh exception:* The appellant's attorneys
have not cited any authorities to sustain these exceptions,
and we deem it only necessary to state that there may be
          cases, no doubt, in which the request might properly
          be charged; when, however, as in this case, there
          was testimony tending to show negligence on the
part of both parties, and there was doubt as to which was
the proximate cause of the injury, the modification of the
sixth request was proper, and there was no error in refusing
to charge the twelfth request.

*Eighth exception:* The modification of the request simply
          alowed the jury to say whether the deceased exer-
          cised due care in his vigilance, and in this we fail to
          discover any error.

*Ninth exception:* The question presented by this exception
has already been disposed of.

          *Tenth exception:* The case of *Hull as Adminis-*
          *trator* v. *S. A. L. Ry., ante* 278, is conclusive of this
          question.

*Eleventh, twelfth and thirteenth exceptions:* Section 2851,
of the Code of Laws, is as follows: "Wherever the death of
a person shall be caused by the wrongful act, neglect or
          default of another, and the act, neglect or default is
          such as would, if death had not ensued, have entitled
          the party injured to maintain an action and recover

damages in respect thereof, then, and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony."

Section 2852 provides that every such action shall be brought for the benefit of the wife, husband or child, "and in every such action the jury may give such damages, in cluding exemplary damages, where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury."

An action for damages founded upon a wrongful act causing death, did not exist at common law, and is wholly dependent upon the statute. The words: "including exemplary damages where such wrongful act, neglect or default was the result of recklessness, wilfulness, or malice," were not originally in the statute, but were inserted as an amendment in 1902. Prior to the amendment, it was held that only compensatory damages were recoverable.

*Garrick* v. *R. R.,* 53 S. C., 448, 31 S. E., 334.

The action permitted by the statute is not the survival of an action which the deceased had in his lifetime, but is a new cause of action.

*In re* Estate Mayo, 60 S. C., 401, 38 S. E., 634, affirmed in *Morris* v. *Gas Co.,* 70 S. C., 279, 49 S. E., 854, it was held, being a new action entirely dependent upon the statute, it was necessary for the Legislature to indicate upon what basis the damages should be assessed by the jury. The provision that in every such action the jury was empowered to give such damages, including exemplary damages, as they might think proportioned to the injury, was not intended, in any manner, to change the measure of damages existing at the time the statute was enacted, but simply to make plain that the damages were founded upon the injury, and that they should be just and fair.

In other words, before the amendment of 1902, the plaintiff was entitled to compensatory damages just as in other cases founded upon injury, *Garrick* v. *R. R.,* 53 S. C., 448, 31 S. C., 334, and since the said amendment, the plaintiff may also recover such punitive damages as the jury in their discretion think are just and fair, in view of all the circumstances attending the particular case. *Brickman* v. *R. R.,* 74 S. C., 306.

*Fourteenth exception:* There was testimony tending to prove the facts set out in the complaint, and this question was properly submitted to the jury.

*Fifteenth and Eighteenth exceptions:* The appellant's attorneys in their argument state that, since the appeal was perfected, this Court has considered the question raised by these exceptions in the case of *Cole* v. *Ry.,* 75 S. C., 156, which shows that they cannot be sustained.

*Sixteenth exception:* The presiding Judge charged that "gross negligence is equivalent to the absence of slight care. If, therefore, at the time of the collision, the deceased did not exercise slight care to avoid the collision, and such negligence contributed to his injury, the plaintiff cannot recover."

He also read to the jury section 2139, of the Code of Laws, which provides that the railroad corporation shall be liable in the manner therein provided, "unless it is shown that in addition to a mere want of ordinary care the person injured * * * was at the time of the collision guilty of gross or wilful negligence or was acting in violation of law; and that such gross or wilful negligence or wilful act contributed to the injury."

It will be seen that the presiding Judge, in effect, charged the proposition for which the appellant contends.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.