9147

GRAINGER, AS ADMR., v. GREENVILLE, SPARTANBURG &
ANDERSON RAILWAY CO.

(85 S. E. 968.)

APPEAL AND ERROR. REVIEW OF FORMER DECISIONS. ABATEMENT AND
SURVIVAL OF ACTIONS.

1. APPEAL AND ERROR.—A decision under review is not authority.
2. ABATEMENT AND SURVIVAL OF ACTIONS.—The recovery of a judgment
for damages arising to another from the wrongful death of a dece-
dent, under Civil Code 1912, secs. 3955, 3956, does not abate the
right of action surviving to the estate of the decedent, on account of
personal injuries, under Civil Code 1912, sec. 3963.

Before DeVore, J., Greenville, February, 1915. Re-
versed.

Action by J. B. Grainger, as administrator of the estate
of Abel Grainger, against Greenville, Spartanburg and
Anderson Railway Company. From a judgment for
defendant, plaintiff appeals.

The respondent states the question before the Court as
follows:

"This is an action by the administrator of the estate of
Abel Grainger, deceased, for damages for the mental and
physical anguish suffered by Abel Grainger, who was fatally
injured while in the employ of defendant. The accident
occurred November 21, 1912, and Abel Grainger died as
result of the injuries on November 26, 1912. On February
21, 1913, J. B. Grainger, as administrator of the estate of
Abel Grainger, deceased, brought an action in the Court of
Common Pleas for Greenville county against the defendant
herein, which action purported to be for the benefit of the

FOOTNOTE.—Right to maintain actions for beneficiary under statute,
and also separate action for injuries sustained by one killed by another's
negligence, see note, 14 L. R. A. (N. S.) 893, 34 L. R. A. 788, and 8 L.
R. A. (N. S.) 384.

father (J. B. Grainger) and the mother of the deceased. That action resulted in a verdict for the plaintiff in the sum of $3,000.00; the defendant thereupon appealed to the Supreme Court (100 S. C. 73, 85 S. E. 231) and that appeal is now pending. Meanwhile, subsequent to the trial of the first case, and pending the appeal, the plaintiff, on August 5, 1914, commenced the action at bar in which he seeks, as administrator, to recover damages for the pain and suffering of plaintiff's intestate. When this second case came on for trial the Circuit Court granted a nonsuit on the ground that this action could not be maintained while the first action was pending. From this order of nonsuit, the plaintiff has now appealed.

The question presented by this appeal is whether suit and recovery by the administrator under sections 3955 and 3956 of vol. I of the Civil Code of 1912 (Lord Campbell's Act) for the wrongful death of his intestate will bar a subsequent suit by the administrator under section 3963 of vol. I of the Civil Code of 1912 (the survival statute) for damages for the suffering of his intestate. In other words, did the legislature intend to enable the administrator of one who came to his death as a result of injuries wrongfully inflicted to maintain two actions against the party committing the wrong?"

*Messrs. McCullough, Martin & Blythe,* for appellant, cite: *Michigan Law Review,* vol. XIII, No. 5, pp. 425, 426 (March, 1915); 203 Mass. 159; 89 N. E. 193; 40 L. R. A. (N. S.) 314; 187 Mass. 376; 73 N. E. 472; 107 N. E. 60. *Federal Employers' Liability Act:* 35 U. S. Stats. 65; U. S. Comp. Stats. 1913, 8657-8665; 227 U. S. 434, 442; 33 Sup. Ct. 274; 224 U. S. 547; 32 Sup. Ct. 603; 227 U. S. 296; 33 Sup. Ct. 273; 1 Q. B. D. 509; 30 L. R. Ireland 514; 106 N. E. 1009; 10 C. P. 189; 2 Smith's Leading Cases (9th ed.) 844; 191 Mass. 563, 564.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *As to common law:* Yelv. 89; 1 Campb. 493; 12 Rich. 284; Lord Campbell's Act, Civil Code, secs. 3955, 3958; 97 S. C. 27; 60 S. C. 401; 33 S. C. 556; 37 S. C. 42; 32 S. C. 142; 59 S. C. 107; 53 S. C. 448; 55 S. C. 159; 1 Enc. Pl. & Prac. 116, 118; 9 S. C. 453; 17 S. C. 410; 13 Cyc. 12; 78 S. C. 61; 70 S. C. 281; Endlich Interpretation of Statutes, sec. 40; 18 Kan. 46; 26 Am. Rep. 742; 14 S. C. 20; L. R. (1868) 3 Q. B. 555; 132 Ind. 507; 32 N. E. 302; 95 S. W. 851; 104 N. E. 978; 141 N. W. 905; 80 S. W. 990; 106 Ill. 134; 64 Vt. 652; 34 L. R. A. 797; 49 Pac. 605; 53 Kan. 794; 77 Atl. 725; 98 Ky. 700; 34 S. W. 236; 34 L. R. A. 788; 56 Am. St. Rep. 385; 12 Bush. 144; 135 Ky. 738; 123 S. W. 281; 27 L. R. A. (N. S.) 178.

*Messrs. Gaston & Hamilton,* also for respondents, cite: 97 S. C. 27; 70 S. C. 281.

*Messrs. McCullough, Martin & Blythe,* in reply, cite: *As to res judicata:* 17 S. C. 40; 55 S. C. 507, 510. *Leading cases for plaintiff:* 97 S. C. 27; 60 S. C. 423; 10 Eng. L. & Eq. 443; 44 L. R. A. 583, 588; (1876) L. R. Q. B. 599; 227 U. S. 434, 442; 227 U. S. 296; 107 N. E. 438; 8 L. R. A. (N. S.) 384; 44 L. R. A. 579. *Leading cases for defendant:* 33 S. C. 561, 562; 3 Q. B. 555; 34 L. R. A. 797; 77 Atl. 725; 34 L. R. A. 788; 27 L. R. A. (N. S.) 176. *Punitive damages:* 60 S. C. 73.

July 28, 1915.

The opinion was delivered, after reciting respondent's statement of facts, by MR. JUSTICE FRASER.

The respondent asked this Court to review the cases on this subject and that this Court shall overrule some of its former decisions. Permission was given to review the cases.

When a case is under review, then that case is, for the purposes of review, not authority. If it were otherwise, a review of a former decision would be a . travesty. This requires of the Court an entirely independent construction of the statutes.

These sections of the statute are involved, to wit: Sec. 3955, sec. 3956 and sec. 3963 of the Civil Code of Laws 1912, vol. I.

Section 3955: "Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony."

This section provides only that the liability shall survive. This section confers a right of action on no one. It does not say who shall bring the action nor for whose benefit the action shall be brought, nor the measure or elements of damage.

If the statutes contained only section 3955 there would have been a mere naked liability not enforceable by any one for any purpose. A liability, but no right of action.

At common law there was neither liability nor right of action, both died with the injured person.

Section 3956 reads as follows:

"Every such action shall be for the benefit of the wife or husband and child, or children, of the person whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the

person whose death shall have been caused and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages, where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered shall be divided among the beforementioned parties in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."

This section provides an officer to bring the action, it provides the persons for whose benefit the action shall be brought, it provides the measure of damages and how the amount shall be ascertained. All of this was new. This statute provides for the enforcement of the liability in favor of the beneficiaries, but provides no means of enforcement of the liability to the deceased or his estate, and as there was no way provided for the enforcement, it was useless.

When this condition was declared by this Court the legislature passed the act of 1905, now section 3963.

Section 3963: "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate, and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative (as the case may be) of the deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary notwithstanding."

This section supplied the omission and made it emphatic; by it the cause of action shall survive, notwithstanding any law or rule to the contrary. It is as clear as if it had specifically named sections 3955 and 3956, and suits brought

under those sections cannot abate an action brought under section 3963.

These two causes of action cannot be joined in one action, and judgment in one is not a bar to the other. The beneficiaries, the cause of action, the measure of damages are all different.

This Court is entirely satisfied with the Bennett case (97 S. C. 27, 81 S. E. 189) and it is affirmed for the reasons therein stated. Respondent's remedy, if any, is with the legislature.

Judgment reversed.