12476

CLAUSSEN *ET AL.* v. BROTHERS *ET AL.*

(145 S. E., 539)

2

*Mr. R. B. Fulton,* for appellant,

*Messrs. R. E. Whiting* and *D. Gordon Baker,* for respondents,

June 30, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought originally against the Atlantic Coast Line Railroad Company and George J. Brothers for the alleged wrongful death of W. F. Claussen. On March 21, 1925, the defendant Brothers died, leaving of force a will in which his widow, Mrs. Erwin S. Brothers, was named as executrix. Thereafter a motion was made by the respondents before his Honor, Judge Mauldin, to substitute Mrs. Brothers, as executrix, as party defendant in the place of her deceased husband. Mrs. Brothers resisted the motion on the ground that Lord Campbell's Act, under which this action was brought, does not provide for a survival of the action against the representative of the tortfeasor upon his death. Upon the hearing the Court granted the motion and passed an order allowing the substitution.

Mrs. Brothers appeals to this Court; the appeal presenting but a single question: Does a cause of action for death by wrongful act, brought under the statute, survive against the personal representative of the wrongdoer? This specific question has never been passed upon by this Court. The statute under which this action is brought (Sections 367 and 368, Vol. 1, Code, 1922), is commonly known as Lord Campbell's Act. Section 367 is as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony."

Section 368 provides that the action shall be brought in the name of the executor or administrator of the deceased person, for the benefit of the beneficiaries named therein, and prescribes the measure of damages. It must be conceded

that this right of action, being of purely statutory origin, abates upon the death of the wrongdoer, unless some statutory authority is found for its survival. There is no such provision in the statute' creating the right, and unless we are able to find some other statute providing for such survival the action must abate.

The respondents contend that, even if the right of action created by Lord Campbell's Act abates, under the provisions of that Act, at the death of the wrongdoer, that Act must be construed with the survival statute (Section 375, Vol. 1, Code, 1922), and that when these two statutes are construed together, the right of action created by the death statute is seen to survive against the representative of the wrongdoer. The survival statute is as follows:

"Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary notwithstanding."

While the Act is remedial, and a liberal construction should be given to its provisions (*Morris v. Electric Co.*, 70 S. C., 281, 49 S. E., 855), we must resort, in arriving at the intent of the Legislature, to the actual words used in the statute, and the Court should not place such judicial construction upon the language used as to effectuate its own conception of right rather than the intent of the Legislature.

The right of action created under Lord Campbell's Act was unknown to the common law. It arises only upon the death of the injured person, and did not exist prior to his death. If a person is injured, but not killed, by the wrongful act of another, there exists only one cause of action, namely, that under the common law for the injuries received; if the injured person should die, whether

from the injuries received or from other causes, this cause of action would survive, under the survival act, for the benefit of his estate. There would also come into existence, if he should die from the injuries received, a new right of action, created by the death statute, in favor of the beneficiaries named in the statute, for the loss sustained by them by reason of the death. *Mayo's Estate,* 60 S. C., 401, 38 S. E., 634, 54 L. R. A., 660; *Osteen v. Railway Co.,* 76 S. C., 368, 57 S. E., 196; *Bennett v. Electric Co.,* 97 S. C., 27, 81 S. E., 189; *Grainger v. Railway Co.,* 101 S. C., 399, 85 S. E., 968. There would then exist, under the law as construed by this Court, two causes of action: A cause of action allowed by the common law for injuries suffered by the deceased person and kept alive by the survival statute for the benefit of his estate; and a cause of action for the death, created by the death statute, unknown to the common law, for the benefit of the persons named in the statute. See *Grainger v. Railway Co., supra.*

The respondent's position is, in greater detail, that Lord Campbell's Act, being remedial in its character, should be liberally construed, so as to accomplish its object, and that a proper construction of this act, fixing liability upon the person who would have been liable, if death had not ensued (rather than upon the wrongdoer), in connection with the provision of the survival statute that a right of action survives for "injuries to the person" against the representative of the wrongdoer, leads to the inescapable conclusion that, death being the ultimate injury to the person injured, the right of action does not abate upon the death of the wrongdoer.

Under the decisions of this Court the respondents' position cannot be sustained. As has been pointed out, it has been consistently held in this State, in line with the greater weight of authority, that the right of action for death by wrongful act under the death statute, not accruing until the death of the person injured, is a new right of action, and

not a continuation of an old one, and we cannot see, nor can it be successfully shown, how a cause of action can be held to survive a certain event, when it is not brought into existence until and except by the happening of that event. This view is well expressed in *Kranz v. Wisconsin Trust Co.,* 155 Wis., 40, 143 N. W., 1049, Ann. Cas., 1915-C, 1050, as follows:

"The ground upon which it has been held that an action for wrongful death does not survive the death of the wrongdoer is that it does not accrue until the death of the injured party, and it is then not a devolution of any preexisting cause of action, but is purely a statutory creation given not for any damage to the person or to the property rights or interests of the beneficiaries, but as a new and independent cause of action unknown to the common law."

Our attention has been directed to the case of *Devine v. Healy,* 241 Ill., 34, 89 N. E., 251, in which the Court, construing a Lord Campbell's Act almost identical with ours and a survival statute similar to ours, held that the right of action under Lord Campbell's Act survives. It is only necessary to point out that the Illinois Court holds that the right of action under Lord Campbell's Act is the same as that which the deceased would have had if he had brought the action in his lifetime, and that the only difference between the two actions is that the measure of recovery is not the same.

On the other hand, in *Davis v. Nichols,* 54 Ark., 358, 15 S. W., 880, the Court held that the action under Lord Campbell's Act for the benefit of the widow and next of kin is a new right of action, and could not be maintained against the administrator of the wrongdoer, and the Illinois Court, distinguishing between the view expressed by the Arkansas Court (which is the view held in most jurisdictions) and its own view, said:

"While it is held in the *Arkansas case* that the action which is prosecuted for the benefit of the widow and next

of kin is upon a new cause of action which the death itself originates, we have held that the cause of action is the same, viz., the wrongful act, neglect or default, whether the action be brought by the person injured in his lifetime, or by his administrator after his death has been occasioned by the tort, the only difference, according to our view, being that the measure of recovery is not the same."

Moreover, it is clear from the terms of Lord Campbell's Act that the real parties to the action were the beneficiaries named in the act, and that the representative of the deceased person, by whom the action is brought, acts only in the capacity of a trustee in bringing the suit for the real parties in interest. This being true, the provision of the survival act, that the cause of action with respect to injuries to the person survives "to and against the personal representative of the deceased persons," clearly does not apply to the right of action created by Lord Campbell's Act, for, as has been pointed out, the party in whose favor the right of action in reality exists under Lord Campbell's Act is not the personal representative of the deceased person.

We think that the causes of action made to survive under the survival act are those actions which the deceased person could have brought in his lifetime against the wrongdoer, for injuries suffered by him, and we do not think that this statute, when construed in connection with the provisions of Lord Campbell's Act, can be held, by the most liberal construction, to cause a survival of the action against the representative of the wrongdoer in an action under the death statute. If it be thought that a different rule would be more just and in keeping with the progress and enlightenment of the age, the Legislature is the proper body to make such provision.

The judgment of this Court is that the order of Judge Mauldin, allowing the substitution, be reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.