79 P.2d 942

**ICKES v. BRIMHALL.**

No. 4345.

Supreme Court of New Mexico.

May 23, 1938.

Atwood & Malone, of Roswell, for appellant.

Harris K. Lyle, of Gallup, and C. R. McIntosh, of Santa Fe, for appellee.

SADLER, Justice.

We are asked to determine upon this appeal whether the cause of action for wrongful death provided by 1929 Comp. § 36-101 (amended, Laws 1931, c. 19) against common carriers, corporate or natural persons, survives the death of the statutory wrongdoer, no action having been instituted prior thereto.

In the case before us the owner and operator of the public conveyance was an individual. The vehicle was an automobile in which plaintiff's wife traveled as a passenger and from the claimed negligent operation of which she lost her life. She succumbed at the scene of the accident to injuries received therein. The driver, owner of the public conveyance, died a few days later from injuries suffered in the same accident. This action was commenced against his administrator to recover statutory damages of $7,500.00. The present appeal is prosecuted from a judgment of dismissal following the sustaining of a demurrer to plaintiff's complaint raising the question here presented. The single error assigned is the trial court's action in sustaining defendant's demurrer.

The cause of action asserted by plaintiff was created by Laws 1882, c. 61, § 1. The statute remained as originally enacted until amended by Laws 1931, c. 19, so as to increase the authorized recovery from $5,000.00 to $7,500.00. So amended it reads as follows:

"Whenever any person shall die from any injury resulting from, or occasioned by the

negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any stage coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of Seven Thousand Five Hundred Dollars, which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother; or fourth, if the deceased be over twenty-one years of age and unmarried, by a dependent father or mother or dependent brother or sister, who may join in the suit; and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not of a negligent defect or insufficiency."

The plaintiff puts forward two pertinent points in support of his claim of error: (a) That the cause of action survives by implication of the statute; (b) that the cause of action survives by reason of the provision of the survival statute (1929 Comp. § 105-1202) as an action for injury to personal estate. The parties are agreed, hence we do not question, that the cause of action created by the statute is a new and distinct one unknown to the common law; and that the damages recoverable under the statute are compensatory and not penal.

■ The defendant appears before us with a favorable ruling below upon which a judgment, presumptively correct, was entered for him. It is seldom a party litigant can draw to his support such unanimity of opinion for the proposition urged as defendant has been able to do in the case at bar. Only compelling reasons should move us to disregard such a wealth of authority and none such have been advanced. The demurrer was properly sustained.

■■ Under the common law no cause of action for personal injuries resulting in death survived in favor of the personal representative of the deceased nor against the personal representative of the wrongdoer. 1 Am.Jur. 93, § 134, "Abatement and Revival;" 17 C.J. 1233, § 80, "Death." In 1876, the common law, as recognized in the

United States, was adopted as our rule of practice and decision. Laws 1876, c. 2, § 2 (1929 Comp. § 34-101). And, except as superseded or abrogated by statute or constitution, or held to be inapplicable to conditions in New Mexico, the common law remains the rule of practice and decision. Browning v. Browning, 3 N.M., Gild., 659, 9 P. 677; U. S. v. Tallmadge, 14 N.M. 293, 91 P. 729, 20 Ann.Cas. 46; Beals v. Ares, 25 N.M. 459, 185 P. 780.

█ In Romero v. A., T. & S. F. Ry. Co., 11 N.M. 679, 72 P. 37, the territorial Supreme Court recognized the application of the common law rule against survivorship in the personal representative of a cause of action for wrongful death of his decedent. The court said:

"It will be admitted that at common law no action would lie for an injury caused by the death of a human being. If a right of action now exists, therefore, it must be by virtue of legislative enactment."

It would be strange indeed if, as thus already held, the common law should prevail as the test of survivorship of a cause of action in favor of the personal representative of a decedent for wrongful death and yet be cast aside because said to be unsuited to our condition as the test of its survivorship against the personal representative of the wrongdoer. The latter proposition is urged upon us by counsel for the plaintiff. Yet he does not point out the respect in which conditions here so differ from conditions elsewhere as to withhold application of the common law rule denying survivorship in such a case.

In dealing with the very statute under which the present plaintiff seeks recovery, the territorial court in the Romero Case, supra, said:

"This statute, being in derogation of the common law, must be strictly construed, if its terms are of doubtful meaning; but, under the plain provisions of this statute, there is no provision made for an administrator or other personal representative to bring suit for recovery of damages under either section of the law of 1882."

We conclude the cause of action asserted against defendant as personal representative of the alleged wrongdoer did not survive the latter's death by implication of the statute creating the right of action. 1 Am. Jur. 97, § 141, "Abatement and Revival"; Bates v. Sylvester, 205 Mo. 493, 104 S.W. 73, 11 L.R.A.,N.S., 1157, and case note, 120 Am.St.Rep. 761, 12 Ann.Cas. 457 and case note; Hegerich v. Keddie, 99 N.Y. 258, 1 N. E. 787, 52 Am.Rep. 25, and the authorities cited from the several states in extensive annotations to be found in 61 A.L.R. 830, supplemented in 70 A.L.R. 1319.

█ We shall quote only from the case of Bates v. Sylvester, supra, decided by the Supreme Court of Missouri. It has peculiar significance in view of the statement in Romero v. A., T. & S. F. Ry. Co., supra, that our statute was borrowed from Missouri and was identical with it. The Bates Case was decided long after we adopted the statute, hence there is no ques-

tion of adopted construction. Furthermore, it was not the statute applicable to common carriers but rather the other statute equivalent to our 1929 Comp., § 36-102, which was involved. However, the Supreme Court of Missouri sensed no essential difference (nor do we) between the two statutes upon the question of survival of the cause of action against the personal representative of the wrongdoer. It first held the action was not to be maintained under the statute authorizing suits against personal representatives for wrongs done to property, rights or interests of another for which an action might have been maintained against the wrongdoer during his lifetime. Then, turning to the question of survivability under these two statutes it announced a like conclusion. The court said (page 75):

"Both section 2864 and 2865 name the person who shall be liable in such cases 'as the person who, or the corporation which would have been liable if death had not ensued.' And at the time this act of 1855 was passed, such action would not have survived the death of either the party injured or the wrongdoer. It is to be noted that the Legislature had this specific question of survivor in mind when it enacted our damage act, and, if the lawmakers had intended that the action should lie against the representatives of the person who would have been liable had death not ensued, they would not have left it in doubt. It is not the province of the courts to supply this omission in the statute, if such it may be called, but to construe the act as we find it upon the statute books."

This language of the Missouri Supreme Court, spoken concerning the same statute theretofore adopted by us, is highly persuasive. Considered in the light of our holding in the Romero Case that the statute gives no cause of action in favor of the personal representative of the injured party, it seems decisive. The first syllabus in that case dealing with this statute reads:

"Where a statute gives the cause of action, and designates the persons who may sue, they alone are authorized to bring suit."

We epitomize our holding as applied to the point under consideration by paraphrasing same to read:

"Where a statute gives the cause of action and designates the persons who may be sued, they alone are authorized to be sued."

But it is said the cause of action survives independently of the statute creating it. Reliance for this contention is placed upon the survival statute, 1929 Comp. § 105-1202. It reads:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

The claim is that survival of the cause of action occurs as one for "an injury to * * * [the] personal estate" of plaintiff. But the contention is rejected by the decided weight of authority.

"One class of actions which is commonly dealt with in survival statutes and made to survive comprises causes of action for injuries to the real or personal estate. A statute providing that actions for damages done to personal estate shall survive does not apply to the mere impoverishing of a man's estate generally, but requires that damage to some specific property should be alleged and proved. An 'injury to the real or personal estate,' as the expression is used in such a statute, does not include causes of action for injuries to persons, for in using the phrase, 'injury to the real or personal estate,' the legislature will be presumed to have used it in its well-established sense, as distinguishing torts to property from injuries to persons." 1 Am.Jur. 75, § 93, "Abatement and Revival." Id., p. 97, § 141.

See, also, McFadden v. Rankin, 46 R.I. 475, 129 A. 267; Kranz v. Wisconsin Trust Co., 155 Wis. 40, 143 N.W. 1049, Ann.Cas. 1915C, 1050; Wright v. Smith, 136 Kan. 205, 14 P.2d 640; Claussen v. Brothers, 148 S.C. 1, 145 S.E. 539, 61 A.L.R. 826, annotation p. 830.

 It is urged that if there be no survival of the cause of action against the estate of the wrongdoer then a rule obtains as to corporate defendants different from that applicable where the wrongdoer is a natural person, as corporations do not suffer physical death; also, that it is unjust and out of harmony with modern enlightenment that the estate of a wrongdoer should thus escape. As to the first suggestion, we do not, of course, know whether the Legislature actually considered this occasional anomaly. "But the fact that hardship may result can furnish no warrant for the courts to supply what the Legislature has omitted or to omit what it has inserted." Vukovich v. St. Louis, Rocky Mountain & Pac. Co., 40 N.M. 374, 60 P.2d 356, 359. As to the second consideration, we quote the Supreme Court of South Carolina:

"If it be thought that a different rule would be more just and in keeping with the progress and enlightenment of the age, the Legislature is the proper body to make such provision." Claussen v. Brothers, supra (page 541).

It is interesting to note that the report of the Committee on Legislation of the State Bar Association in 1932 carried this recommendation:

"4. Sec. 105-1202 of the Code probably should be revised so as to include injuries to the person, and more particularly to provide for the survivor of an action against a tortfeasor who might be killed in the accident complained of." Report of Proceedings of the Annual Meeting of The State Bar of New Mexico, 1932, page 10.

The fate of this recommendation is disclosed by the proceedings of the following year, as follows:

"Recommendation No. 4. Under this recommendation it was suggested that Sec. 105-1202 of the Code be revised so as to include injuries to the person and to provide for the survival of an action against a tort

feasor who might be killed in the accident complained of. Serious objection was made to this change, and no attempt was made to pass it through the legislature." Report of Proceedings of the Annual Meeting of The State Bar of New Mexico, 1933, page 16.

This recommendation reflects the correct view that what we are asked to do by way of interpretation would in truth be judicial legislation. We must await favorable legislative action before declaring the law to be as the plaintiff contends.

Finding no error, the judgment of the district court will be affirmed.

It is so ordered.

BICKLEY, BRICE, and ZINN, JJ., concur.

HUDSPETH, C. J., did not participate.