**WILSON v. MASSENGILL.**

No. 8751.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1942.

Charles M. Gore and Benjamin Stone Gore, both of Bristol, Tenn. (J. C. Long, of Charleston, S. C., and Gore & Gore, of Bristol, Tenn., on the brief), for appellant.

F. H. Parvin, of Greeneville, Tenn. (Susong, Parvin & Fraker, of Greeneville, Tenn., on the brief), for appellee.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This civil action for death by wrongful act committed in South Carolina was brought in the United States District Court for Eastern Tennessee against appellee, a resident of Tennessee, by appellant, a resident of South Carolina, as administrator of a decedent who resided in the latter state at the time of her death.

The complaint charged that the wrongful acts causing death were the negligent manufacture and distribution by appellee, under the label "Elixir Sulfanilamide," of a deadly poison, which was consumed by appellant's decedent in doses prescribed by a physician.

The action was commenced on March 8, 1940, which was two years, five months and four days after the death of appellant's decedent on October 4, 1937, and was grounded upon sections 411, 412 and 413 of Title 5, Chapter 15 of the Code of Laws of South Carolina for 1932.[1]

Section 413 prescribes a limitation of six years from the date of death for bringing civil actions for wrongful acts causing death in pursuance of the rights established in the two preceding sections of the South Carolina Code.

Holding that the cause of action created by the South Carolina Statutes (Sections 411 and 412, supra) is the same as that created by Tennessee Statute (Tennessee Code of 1932, Section 8236),[2] the district court dismissed the action as barred by the Tennessee statute of limitation of one year. Tennessee Code of 1932, Section 8595.[3]

This Tennessee statute of limitation does not in express terms apply to wrongful death actions instituted under Section 8236, but has been construed by the Tennessee Supreme Court to restrict them to one year from the date the decedent was injured. Fowlkes, Administrator, v. Nashville & D. R. R. Co., 56 Tenn. 829, 9 Heisk. 829.

We cannot concur in the conclusion of the district court. Upon the faces of the death by wrongful act statutes of South Carolina and Tennessee are visible prominent differentiating features, which become emphasized in essentiality when studied in the light of interpretive decisions.

■ It is obvious that the Tennessee Statute (Section 8236) creates no new cause of action, but merely preserves from abatement or extinguishment the right of action which a person dying from the wrongful act of another would have had against the wrongdoer, had death not ensued. By the terminology of the statute, the action "passes" to the widow, children, or next of kin. In the language of Fowlkes, Adm'r, v.

---

[1] "§ 411. Civil Action for Wrongful Acts Causing Death.—Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony.

"§ 412. Beneficiaries of Action for Wrongful Death—Damages Recoverable—Distribution.—Every such action shall be for the benefit of the wife or husband and child, or children, of the person whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been caused and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury resulting from such death to the parties respectively, for whom and for whose benefit such

action shall be brought. And the amount so recovered shall be divided among the before mentioned parties, in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate.

"§ 413. Limitation of Actions for Wrongful Death—Liability for Costs.— All such actions must be brought within six years from the death of such person, and the executor or administrator, plaintiff in the action, shall be liable to costs in case there be a verdict for the defendant, or nonsuit or discontinuance, out of the goods, chattels and lands of the testator or intestate, if any."

[2] Sec. 8236. "The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin, in either case free from the claims of creditors. (1849–50, ch. 58, sec. 1; 1851–52, ch. 17; 1871, ch. 78, sec. 1.)"

[3] Sec. 8595. "Actions for libel, *for injuries to the person*, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, within one year after cause of action accrued."

Nashville & D. R. R. Co., supra, the action "is brought for the same cause as if the injured party had himself brought the action."

The Tennessee Supreme Court has steadfastly construed this statute as creating no new cause of action, but as preserving the decedent's cause of action for personal injury which would have died with him except for the statute. Whaley v. Catlett, 103 Tenn. 347, 351, 53 S.W. 131; Love v. Southern Railway Co., 108 Tenn. 104, 125, 65 S.W. 475, 55 L.R.A. 471; Davidson Benedict Co. v. Severson, 109 Tenn. 572, 589, 72 S.W. 967.

This court, speaking through Judge Lurton, previously Chief Justice of the Supreme Court of Tennessee, likewise concluded that no new cause of action was created by the statute. Elliott v. Felton, 6 Cir., 119 F. 270, 274 et seq.

As was succinctly stated in Whaley v. Catlett, supra [103 Tenn. 347, 53 S.W. 133]: " * * * a careful reading of the statutes can lead to no other conclusion than that they provide alone for the continued existence and passing of the right of action of the deceased, and not for any new, independent cause of action in his widow, children, or next of kin."

■. Section 411 of the South Carolina Code, supra, pointedly differs from the Tennessee enactment, in that the South Carolina Statute does not provide for the survival of an action which the deceased had in his lifetime, but creates a new cause of action for death by wrongful act which immediately upon the demise of the decedent accrues to his beneficiaries designated in the statute. Claussen v. Brothers, 148 S.C. 1, 145 S.E. 539, 61 A.L.R. 826; In re Mayo's Estate, 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660; Osteen v. Southern Railway, 76 S.C. 368, 57 S.E. 196, 200; Wellman v. Bethea, D.C.S.C., 243 F. 222.

■ In South Carolina, there is another statute (Code Sec. 419),[4] by virtue of which a cause of action for injury to person survives to the personal representative of the decedent, but the damages recoverable thereunder are limited to compensation for the personal suffering of the deceased and the like, and are subject to the claims of credi-

tors. An action under this statute is separate and distinct from an action under sections 411 and 412. Judgment on one is not res adjudicata upon the other. Indeed, the two actions may not even be joined in the same complaint. Grainger v. Greenville S. & A. R. Co., 101 S.C. 399, 85 S.E. 968; Bennett v. Spartanburg Ry., etc., 97 S.C. 27, 81 S.E. 189.

The cause of action in the instant case was brought not under section 419, but under sections 411 and 412 of the South Carolina Code. The difference in character of the South Carolina actions emphasizes the distinction between the code sections upon which the action at bar is based and the Tennessee survival statute. Tennessee Code, Sec. 8236. Sections 411 and 412 of the South Carolina Code are definitely not survival statutes. Section 413 of the South Carolina Code simultaneously delimited the enforcement of the new cause of action created to six years from the date of death.

■ It has been well established that "a limit of time for bringing suit contained in the death statute of the place of wrong is binding in every state, and no state will allow a recovery on the statute after the time has elapsed." Restatement of the Law, Conflict of Laws (American Law Institute), Section 433.

But this rule does not answer the question propounded here. The present action is not barred by the lex loci. The contention of appellee is that the action is barred by the lex fori.

■■ In a case decided today, Nick Maki v. George R. Cooke Company, 6 Cir., 124 F.2d 663, this court approved, applied and extended the doctrine of Theroux v. Northern Pac. R. Co., 8 Cir., 64 F. 84, that where, by statute, a state creates a cause of action for death by wrongful act and prescribes in the same statute a limitation period for action, such limitation will be applied in the forum of a sister state, even though the period of limitation for like actions in the latter state is shorter. We apply that principle here.

■ We find no indication of a contrary view in the reported cases in Tennessee. Decision upon the point presented was pre-

---

[4] "§ 419. Survival of Right of Action. —Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and *any and all injuries to the person* or to personal property, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary notwithstanding."

termitted in Parsons v. American Trust & Banking Co., 168 Tenn. 49, 58, 73 S.W.2d 698. We are, therefore, free to decide the issue before us upon our own juristic reasoning. This we have done.

The judgment of the District Court is reversed and the cause is remanded for trial upon its merits.