## THE CITY OF EUREKA v. L. A. MERRIFIELD *et al.*

1. DEATH *by Wrongful Act—Action by Next of Kin, When.* In the absence of a statute giving an action to the family or next of kin for the recovery of damages for loss of services resulting from death, the death of a human being cannot be complained of as an injury.

2. DAMAGES—*Action, by Whom Maintainable.* An action to recover damages for injuries resulting in death is maintainable only by the person who is, by the terms of the statute, authorized to maintain it.

3. CIVIL CODE—*Sections, Construed.* Section 420 of the civil code, as construed with §§ 422 and 422*a* of the civil code, only permits actions to survive for injury to the person when death does not result from the injury.

4. DEATH, *Resulting from Wrongful Act.* When death results from the wrongful act or omission of another, §§ 422 and 422*a* of the civil code apply.

5. PETITION, *Must Allege What.* Under the provisions of §§ 422 and 422*a* of the civil code, (Gen. Stat. of 1889,) before the next of kin of a deceased whose death is caused by the wrongful act or omission of another can maintain an action for damages in the place of the personal representative of the deceased, the petition must allege that the deceased, at the time of his death, was a nonresident of this state, or, if a resident of this state, that no personal representative of his estate has been appointed.

*Error from Greenwood District Court.*

JAMES A. MERRIFIELD, an infant of the age of about two years, the son of L. A. and Mary E. Merrifield, on the 8th of December, 1888, fell into a privy vault in the city of Eureka, in Greenwood county, which was situate upon lot 6, in block 25, in the possession of the Eureka Hotel Company. The Merrifields lived on a lot adjoining the one containing the vault. The little boy was playing in the yard where his parents lived and adjoining the lot on which the vault was situated; he went into the alley, and probably stepped on a trapdoor over the vault, which tipped, throwing or permitting him to fall therein, where he was found on the same day dead. On the 7th of October, 1889, L. A. and Mary E. Merrifield, the parents of James A. Merrifield, filed their amended

petition against the city of Eureka to recover $10,000 damages, alleging, among other things,

"That an alley of the city abutted directly onto the vault, and that the city grossly, carelessly, and negligently, on the 8th of December, 1888, and for a long period of time prior thereto, omitted to put up or around the vault any guard or railing, and that the city carelessly and negligently permitted the vault to remain uncovered, save and except by a loose trapdoor, and thereby carelessly and negligently permitted the opening of the vault to remain in a dangerous condition."

On the 26th of October, 1889, the city of Eureka filed its demurrer to the amended petition upon the following grounds:

"1. Because there is a misjoinder of parties plaintiff.

"2. Because the same does not state facts sufficient to constitute a cause of action against the defendant.

"3. Because the same does not state facts to show that the plaintiff sustained any damage by reason of the death of said child."

At the January term for 1890, the demurrer came on for hearing, and after argument was overruled by the court. The city duly excepted. Subsequently an answer and reply were filed. The cause was tried before a court with a jury, at the May term for 1890. The jury returned a verdict for the plaintiffs and assessed the amount of their recovery at $1,000. Subsequently judgment was rendered thereon against the city of Eureka. The city excepted, and brings the case here.

*Ira P. Nye, Kelley & Lamb, W. S. Marlin,* and *C. N. Sterry,* for plaintiff in error.

*A. M. Hunter, James Shultz,* and *Clogston & Fuller,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented. It is insisted that the case-made should be stricken from the files, because it was not attested by the district clerk of Greenwood county with the seal of the court, and indorsed as filed at the time the case was settled and signed. (Civil Code, § 548.)

It appears from the record that service of the case was accepted by the attorneys of plaintiffs below on the 19th day of September, 1890; that at that time they signed the following indorsement or writing upon the case: "We have no amendments to suggest, and consent that the same be settled and signed." The case was settled and signed by the district judge on the 10th of October, 1890. In his certificate, he directed the case-made "be filed as a part of the record in said action." That implied that the case-made should be attested. It could not be properly filed as a part of the record unless attested with the signature of the clerk and the seal of the court. The case was complete and perfect when it was signed by the trial judge, and all that was necessary to make it evidence in this court was its attestation and authentication by the district clerk.

Appeals are favored, and mere technical objections which do not go to the merits of the case ought not to prevail, if a court, in its discretion, may, in the furtherance of justice, allow amendments to be made or omissions to be supplied. Upon an application made to this court by the plaintiff in error, and a showing that the district clerk had failed to attest the case-made and indorse thereon the date of its filing, this court permitted the record to be withdrawn for the purpose of being properly attested and marked "filed" by the district clerk. It was returned attested, and marked as filed. Upon the showing, when application was made to this court to withdraw the record, it appeared that it was left with the district clerk for filing when it was settled and signed. It was not filed in this court until October 29, 1890. The mere omission of a district clerk to enter upon a paper or record left with him the date of its filing ought not to prejudice anyone. We think this court had full power, under the circumstances, to permit the attestation and filing by the clerk of the district court at any time before the case was heard or disposed of upon proceedings in error. (*Pierce v. Myers*, 28 Kas. 364.) The motion to strike out will be overruled.

Upon the merits of the case, the first question presented is,

did the petition filed in the court below state facts sufficient to constitute any cause of action in favor of L. A. and Mary E. Merrifield against the city of Eureka? Section 420 of the civil code, as construed with § 422, only permits actions to survive for injury to the person when death does not result from the injury but occurs, from other causes. When death results from the injury, § 422 is exclusive. (*McCarthy v. Railroad Co.*, 18 Kas. 46 ; Tiffany, Death by Wrongful Act, § 119.) Under § 422, the action for damages or loss by death from the wrongful act or omission must be commenced by the personal representative of the deceased. By § 1, chapter 131, Laws of 1889, it is provided, that where the residence of a party whose death is caused by the wrongful act or omission of another is or has been at the time of his death in any other state or territory, or when, being a resident of the state, no personal representative is or has been appointed, the action for damages or loss may be brought by the widow, or, where there is no widow, by the next of kin of the deceased. (Civil Code, § 422*a*.) An action for injury resulting in death is maintainable only by the person who is, by the terms of the statute, authorized to maintain it. If the little boy who was drowned in the vault had been a nonresident of this state at the time of his death, or if, since his death, no administrator has been appointed for his estate, an action would be maintainable under § 422*a*, by his parents, as next of kin. (Gen. Stat. of 1889, ¶ 2611.)

"In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action." (*Hamilton v. Railroad Co.*, 39 Kas. 56 ; *Barker v. Railroad Co.*, 91 Mo. 86.)

To justify L. A. and Mary E. Merrifield, as the next of kin of the deceased, in maintaining this action, the petition must have alleged that the deceased was a nonresident of the state at the time of his death, or that, since his death, no administrator had been appointed for his estate. All of this is omitted from the petition. These conditions attach to the

right to bring this action at all by the next of kin. The demurrer was well taken. It should have been sustained.

Counsel for the defendants in error cite § 420 of the civil code as giving the right of action, but this is contrary to the prior decisions of this court, where death results from the injury. If § 420 was of any force where death occurs by wrongful act, which it is not, an administrator or personal representative of the deceased, and not the parents, as next of kin, would be entitled to bring the action; but §§ 422 and 422a of the civil code take away the right of the administrator to sue for the benefit of the estate when death results from the wrongful act or omission of another. It is immaterial whether the death is or is not instantaneous.

It is suggested that the action was brought to recover for the damages the parents sustained by reason of the loss of anticipated services that might have been rendered to them by the deceased up to his majority, and therefore that this action is maintainable by them. At common law this action could not be maintained. (*McCarthy v. Railroad Co.*, supra.) In the old case of *Baker v. Bolton*, 1 Camp. 493, the plaintiff's wife was traveling in a stagecoach, when it was overturned, whereby she was so severely hurt that she died within a month. The husband brought his action for damages, upon the ground, among others, of the loss of the services of his wife, who had been of great use to him in conducting his business. He was defeated by the ruling of Lord Ellenborough, who then laid down his famous proposition that, "in a civil court, the death of a human being could not be complained of as an injury." His statement of the law has been accepted as final in the courts of this country, "equally in actions brought by the husband for the death of the wife, by the wife for the death of the husband, by the parent for the death of a minor child, by the widow in her own right and as tutrix of her minor children, by the executor or administrator suing in his representative capacity, and by an insurance company suing to recover by reason of having been forced to pay an in-

surance policy on the life of a person killed by the defendant."
(Tiffany, *supra*, § 11.)

In *Insurance Co. v. Brame*, 95 U.S. 754, it is observed:

"The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts, and in many of the state courts, and no deliberate, well-considered decision to the contrary is to be found."

In Hilliard on Torts, (p. 87, § 10,) the rule is thus laid down: "Upon a similar ground, it has been held that at common law the death of a human being, though clearly involving pecuniary loss, is not the ground of an action for damages." The most of the cases upon the subject are there referred to. See also, *The Harrisburg*, 119 U.S. 199.

On account of the petition not stating facts sufficient to constitute any cause of action in favor of L. A. and Mary E. Merrifield, owing to the omissions referred to, the judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.