58   475
58   500

THEODORE MARTIN, *Executor*, v. THE MISSOURI PA-
CIFIC RAILWAY COMPANY.

**No. 10185.**

INJURY RESULTING IN DEATH — *action for, maintainable only for
next of kin. Action begun by injured person who afterward
dies from injury, does not survive to personal representative.*
Where the injured person dies from other causes, an action for
personal injuries survives to the personal representatives, under
section 420 of the Civil Code. If death result from the injuries,
an action cannot be maintained by the personal representative of
the deceased for the benefit of the estate, but may, under section
422 of the Civil Code, be brought for the benefit of the next of
kin. *McCarthy v. Railroad Co.*, 18 Kan. 46; *Eureka v. Mer-
rifield*, 53 Kan. 794.

Error from Cloud District Court.     Hon. F. W.
Sturges, Judge.    Opinion filed July 10, 1897.    *Af-
firmed.*

*L. J. Crans*, for plaintiff in error.

*Waggener, Horton & Orr*, for defendant in error.

JOHNSTON, J.    On September 18, 1893, Lucy Ben-
nett was struck and injured, at a street crossing in
Concordia, by a moving train of the Missouri Pacific
Railway Company.    On the following day, she brought
an action against the Company to recover for the in-
juries sustained by her, alleging that they were caused
by the negligence of the Company.    On December 7,
1893, she died, leaving a husband, L. D. Bennett, but
no children.    Some time before, she made a will, in
which Theodore Martin was named as executor.    The
will was admitted to probate, and letters testamentary
were issued thereon.    Subsequently, an order was
made reviving the action in the name of Theodore
Martin, as executor, but the order was made over the
objection of the surviving husband.    In an amended
petition filed by Martin as executor, he averred that the

injuries to Lucy Bennett were caused by the wrongful act and neglect of the Company, and specifically alleged that her death resulted wholly from such injuries. Several defenses were set up by the Company, one of which was that the letters testamentary and the appointment of Theodore Martin were wholly void, because at the time of her death Mrs. Bennett left no property or estate whatsoever subject to administration or distribution under the law.

When the case was called for trial, the plaintiff restated that the injuries for which a recovery was sought were caused by the wrongful act and neglect of the Railway Company, and that the injuries so inflicted resulted in the death of Lucy Bennett. The Company conceded that the death was the result of the injuries sustained, but denied that they were caused by its neglect. On the part of the plaintiff, it was claimed that the action was brought for the benefit of the estate, and that, under section 420 of the Civil Code, it survived, and might be continued by the personal representative. On the part of the Company, it was contended that the plaintiff having pleaded and stated that the death of Mrs. Bennett resulted from injuries wrongfully inflicted by the Company, the action did not survive, and could not be maintained for the benefit of the estate; that in such a case there was a cause of action in favor of the next of kin, under section 422 of the Code. It being conceded that the action was not brought for the benefit of the next of kin, under section 422, the court excluded the evidence offered by plaintiff and dismissed the action.

The ruling of the court must be sustained. In an early case, an interpretation was given to these provisions, where it was held that, having been enacted at the same time, they must be construed *in pari materia*.

It was there contended that a cause of action for injury to the person survived, and that an action might be brought by the personal representative for the benefit of the estate, although the injury resulted in death. The court, however, held:

" The purpose of section 422 is evidently not only to fix the amount of damages and limit them to the use of the widow and children or next of kin, but to take away the right of the administrator to sue for the benefit of the estate generally, where death resulted from the injuries. Section 420, as construed with section 422, only causes the actions to survive for injury to the person when the death does not result from such injury, but does occur from other circumstances. The right of action under section 422 is exclusive ; and an administrator could not maintain an action under sections 420 and 422 for the same injury. When death results from wrongful acts, section 422 is intended solely to apply." *McCarthy v. Railroad Co.*, 18 Kan. 46.

Since that time, the courts of the State have generally regarded the McCarthy case as a controlling decision, and the construction there placed upon these provisions as a correct one. Quite recently, the same question was re-examined and the ruling then made re-affirmed. *Eureka v. Merrifield*, 53 Kan. 794. It was held that section 420 permits actions to survive for injury to the person only when death does not result from the injury, but occurs from other causes. Where, however, death results from the wrongful act or omission of another, section 422 is exclusive. As tending to sustain that view the following cases are cited : *Andrews v. H. & N. H. Rld. Co.*, 34 Conn. 57 ; *Read v. Great E. Rly. Co.*, 3 Q. B. 555 ; *Railroad Co. v. O'Connor*, 19 Brad. (Ill. App.) 591 ; *Holton v. Daly*, 106 Ill. 131 ; *C. & E. I. Rld. Co. v. O'Connor*, 119 Ill. 586 ; Tiffany on Death by Wrongful Acts, § 119.

The correctness of this interpretation is again chal-

lenged, but we think the view so early taken, and which has been generally accepted and acted upon ever since, should be upheld. It is to be noted that, although the rule was announced more than twenty years ago and has been followed by the courts ever since that time, the Legislature has not amended the law nor attempted to modify the rule which the court announced. We think the rule should be upheld, and do not feel warranted in entering anew upon a discussion of its correctness.

The judgment of the District Court will be affirmed.