The Missouri Pacific Railway Company v. The .Estate of Lucy Bennett, *deceased, et al.*

**No. 10771.**

Appeal from Probate Court—*cannot be taken by railroad company from order refusing revocation of appointment of personal representative intending to prosecute personal-injury action.* While a railroad company may suggest to the probate court the invalidity of the appointment of an executor or administrator who proposes to prosecute a claim against the company, it is not entitled to an appeal from the decision of the court refusing to revoke such appointment.

Error from the Court of Appeals, Northern Department.. Opinion filed July 10, 1897. *Affirmed.*

*Waggener, Horton & Orr*, for plaintiff in error.

*L. J. Crans*, for defendants in error.

Johnston, J. The Probate Court of Cloud County appointed Theodore Martin executor of the estate of. Lucy Bennett, deceased. Several months prior to her

death, she had brought an action against the Missouri Pacific Railway Company to recover damages for personal injuries alleged to have been caused by the negligence of the company. Shortly after Martin's appointment as executor, the Railway Company filed an application in the Probate Court to vacate the appointment, upon the ground that there was no estate to be administered, and therefore the court had no jurisdiction to make the appointment. The application of the Railway Company was denied, and from that ruling the Company undertook to appeal. When the matter was reached in the District Court, the appeal was dismissed. The Railway Company claimed the right to intervene because of the action brought against it by Lucy Bennett in her lifetime, and the fact that Martin claimed the right as executor to further prosecute the action against the Company. The Court of Appeals held that a claim for damages on account of personal injuries from which death resulted is assets of the estate, and warrants the appointment of an executor or administrator; and, as the action survived to the personal representative, it was unnecessary to decide whether the Company had a standing in court to contest the validity of the appointment.

The position taken by the Court of Appeals is contrary to the decisions of this court, and cannot be sustained. *Martin v. Railway Co.*, ante, p. 475. The question remains, however, whether the Railway Company may be heard to challenge the validity of the appointment of the executor, and whether it was entitled to an appeal from the ruling of the Probate Court refusing to revoke the appointment. The testamentary letters and the order making the appointment are *prima facie* evidence of all facts necessary to the validity of such appointment. If there was no estate

to be administered, there was no jurisdiction to issue letters testamentary or to make an appointment ; and where the Probate Court is without jurisdiction, its acts in that respect are void for all purposes. *Perry v. St. J. & W. Rld. Co.*, 29 Kan. 420. Where the letters are absolutely void, any one, however remote his interest, may suggest the invalidity to the court. In such a case, the court issuing the letters may, upon its own motion, institute proceedings to set them aside, or it may be done on the suggestion of an *amicus curiæ. Estate of Mallory v. B. & M. R. Rld. Co.*, 53 Kan. 557.

It does not follow from the fact that the Company may suggest the invalidity of the letters that it has an appealable interest. The general rule is, that an appeal can only be taken by a party to a controversy, or by one who has a direct interest in it. A stranger to the record or a mere volunteer may not appeal, unless expressly authorized by statute. So it has been held that an *amicus curiæ* cannot appeal from a decision of a court, although it may have allowed him to introduce evidence for his own benefit. 2 Encyc. of Pld. & Pr. 159, and cases cited. The Company is not one of those named in the act respecting executors and administrators as being entitled to control the administration of the estate. It is not a creditor, and has no claim upon nor interest in the estate. The only interest it has is based upon an anticipated claim which it has been informed the estate will make against the Company. It cannot be said to be a party aggrieved, and we think it has no appealable interest. Nor does an appeal appear to be necessary for the protection of the rights of the Company. When an action is brought against the Company, it will have a right to put in issue the appointment and authority of the executor, and, if it is shown that the Probate Court was without jurisdiction and the ap-

'pointment void, the action will necessarily fail. *City of Atchison v. Twine,* 9 Kan. 350 ; *Perry v. St. J. & W. Rld. Co.,* 29 id. 420 ; *U. P. Rld. Co. v. Dunden,* 37 id. 1. We think the District Court reached a correct conclusion ; and its judgment dismissing the appeal will be affirmed.