No. 19,147.

CHARLES L. BERNER, as Administrator, etc., *Appellant*, v. THE WHITTELSEY MERCANTILE COMPANY et al., *Appellees*.

### SYLLABUS BY THE COURT.

ACTION—*Personal Injuries—Death of Plaintiff—Revivor in Name of Administrator—Settlement by Administrator Final*. Where the plaintiff dies during the pendency of an action for personal injury, and a revivor is had in the name of an administrator, who accepts a payment in full satisfaction of all claims, no further recovery can be had for the benefit of the next of kin upon the theory that the death was due to the injury which was the basis of the original action.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 9, 1915. Affirmed.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for the appellant.

*Matt Campbell,* of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: Martha L. Schmidt brought an action against several defendants for injuries caused by the bite of a dog. While the case was pending the plaintiff died, and the action was revived in the name of the administrator. The matter was then settled by the defendants paying $1000, in consideration of which the administrator executed a release in these words:

"Before the completion of the trial of the above entitled action I agree with said defendants with the consent of the probate court, to accept the sum of $1000, in full of all damages claimed in said action and to dismiss the same at their costs.

"And thereupon I dismissed said action with prejudice and hereby acknowledge the receipt from said defendants of said sum of $1000, which I accept as payment in full of all claims for damages against said defendants or any of them this 9th day of March, 1911."

Thereafter the administrator began a new action against the same defendants, for the benefit of the next of kin, alleging that the death of Martha L. Schmidt resulted from the effects of the dog's bite. A demurrer to the evidence was sustained upon the ground that the proceedings already referred to constituted a bar. The plaintiff appeals. Our statute provides that "when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission." (Civ. Code, § 419.) By the great weight of authority an action can not be maintained under such a statute where the injured person in his lifetime has made a settlement and released his claim for the loss occasioned to him. Such is the law in this state. The conflict in the cases is noted, and the reasons for the rule stated, in *Sewall v. Railway Co.*, 78 Kan. 1, 11-16, 96 Pac. 1007. See, also, Note, 27 L. R. A., n. s., 176;

Note, 1 Ann. Cas. 232; 1 C. J. 526; *Perry v. P., B. and W. R. R.,* 24 Del. 399, 77 Atl. 725; *Mooney v. City of Chicago,* 239 Ill. 414, 88 N. E. 194; *Melitch v. United Rwys. & E. Co.,* 121 Md. 457, 88 Atl. 229.

Upon the death of Mrs. Schmidt her cause of action survived and could be prosecuted by the administrator (Civ. Code, § 417), unless her death was the result of the bite of the dog, in which case no action could be maintained except under the death-claim statute. (*City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Martin v. Railway Co.,* 58 Kan. 475, 49 Pac. 605.) Inasmuch as the adminstrator elected to prosecute the original action—a course open to him only if the death was not due to the bite—and received a substantial sum on that theory, he can not be permitted to assert the contrary and so obtain a second recovery. This result is a necessary consequence of the view that no cause of action for the benefit of the next of kin can exist where the claim of the injured person has been released or satisfied. In a situation entirely similar to that here presented it was said:

"If . . . by settlement or recovery in or as of his lifetime no right of action existed or remained in the intestate, none survived to his executor or administrator. So also, if, by settlement or recovery by the intestate in or as of his lifetime no liability rested upon the wrongdoer at his decease, none survived his death against the wrongdoer. Although such recovery should be by an executor or administrator in a suit commenced by the intestate, or commenced by such executor or administrator, if the recovery be in the right of the intestate while living, such recovery, in legal effect, would antedate the death of the intestate, exhaust his right of action, and nothing would remain to survive for a subsequent action. It would also exhaust the liability of the wrongdoer, and no liability would remain to be enforced in a subsequent suit." (*James Legg, jr., Admr. v. Henry S. Britton,* 64 Vt. 652, 658, 24 Atl. 1016.)

(See, also, *McGahey v. Nassau Electric R. R. Co.,* 51 N. Y. App. Div. 281, affirmed in 166 N. Y. 617, 59 N. E. 1126.)

The judgment is affirmed.