No. 23,142.

MARY SEAMANS, *Appellee,* v. EVAN BROWN, as Administrator of the Estate of I. W. MORRIS, Deceased, *Appellant.*

#### SYLLABUS BY THE COURT.

ACTION FOR FRAUD AND DECEIT—*Survives Death of Wrongdoer.* The action was one against the administrator of a deceased person, who induced the plaintiff to marry him by falsely representing himself to be a single man. *Held,* the cause of action was one for fraud and deceit, which survived death of the wrongdoer by virtue of section 7321 of the General Statutes of 1915.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed July 9, 1921. Affirmed.

*Winfield Freeman* of Topeka, *J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*David F. Carson,* and *James T. Cochran,* both of Kansas. City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from fraud and deceit of I. W. Morris, practiced in his lifetime. The plaintiff recovered, and the administrator appeals, other defendants having been dismissed at the trial.

The petition alleged that Morris induced the plaintiff to marry him by falsely and fraudulently representing himself to be a single man. Following the marriage Morris and the plaintiff lived together as husband and wife for about two years, when Morris died. About that time the plaintiff discovered Morris had been married to a woman who was still living, and from whom he had not been divorced. The administrator demurred to the petition, on the ground the cause of action did not survive. The demurrer was overruled, and evidence was introduced sustaining the allegations of the petition. The administrator demurred to the evidence, on the ground the cause of action did not survive, and stood on the demurrer when it was overruled.

There is no doubt that the cause of action was one for fraud and deceit, and might have been made the basis of an

action against Morris had he lived. (*Sears v. Wegner*, 150 Mich. 388, 14 L. R. A., n. s., 819, and authorities cited in the opinion; *Payne's Appeal from Com'rs.*, 65 Conn. 397, 33 L. R. A. 418; *People v. Chadwick*, 143 Cal. 116.) The statute reads as follows:.

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same." (Gen. Stat. 1915, § 7321.)

A companion statute reads as follows:

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant." (Gen. Stat. 1915, § 7322.)

Some references have been made to the statute in other decisions of this court, but they afford no assistance in interpreting the provision relating to causes of action for deceit or fraud. In the case of *Stewart v. Balderston*, 10 Kan. 131, the question was whether a cause of action for money tortiously obtained was assignable. In holding the cause of action was assignable, the court said all causes of action which affect the estate of the person injured survive under the statute, and generally survivorship and assignability go hand in hand. It was not intimated that common-law nonassignability of a cause of action would defeat the statute. In *Powers v. Sumbler*, 83 Kan. 1, 110 Pac. 97, the question was whether an action by a wife for alienation of her husband's affections abated on death of the plaintiff. It was held the action did not abate, because of section 7322, saving all actions from abatement except those specified, and an action for alienation of affections is not among the exceptions. It was argued that the action was saved by section 7321, because the injury to the plaintiff was an injury to the person; but the court said the injuries to person referred to are physical injuries. Injury occasioned by deceit or fraud was not considered.

The defendant cites many authorities discussing the principles on which common-law survivorship is founded, and applies those principles to the plaintiff's cause of action. It

is not necessary to review the authorities. The statute by its terms is an innovation on the common law, and it is to be liberally construed. (Gen. Stat. 1915, § 11829.) Some of the authorities cited by the defendant recognize the fact that a cause of action for deceit in procuring a void marriage may survive by virtue of a statute, and no authority holds that such a cause of action does not survive under a statute such as the statute of this state.

The *ejusdem generis* rule of interpretation plainly has no application, because of the diverse kinds of causes of action embraced in the statute. If the action had been commenced against Morris in his lifetime, it would not have abated on his death, and damages are not more difficult of proof against his administrator than they would have been against him. The language of the statute is that a cause of action for "any deceit or fraud" shall survive, and as indicated, the plaintiff's cause of action is one for deceit.

The judgment of the district court is affirmed.