No. 26,683.

MARGARET HENDRIX, *Appellee,* v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF WYANDOTTE, *Appellant.*

SYLLABUS BY THE COURT.

1. ABATEMENT AND REVIVAL—*Death of Party and Revival of Action—Personal
   Injuries Resulting in Death.* The plaintiff in an action for damages for per-
   sonal injuries died, and the action was revived in the name of her mother as
   next of kin. By leave of court, the mother filed an amended petition, which
   disclosed that the original plaintiff died as the result of the injuries she had
   sustained. *Held,* the order of revivor was improvidently made.

2. SAME—*Procedure After Improvident Revivor and Amendment of Petition.*
   The amended petition stated a cause of action by the mother as next of kin
   for damages for death by wrongful act. When the amended petition was
   filed, the statute of limitations had not run, and the situation of the parties
   had not changed. *Held,* defendant should be permitted to answer the
   amended petition, and the action should proceed without the formality of
   fresh service of summons.

3. DEATH—*Action for Damages—Elements of Compensation.* The damages
   provable under the amended petition are those sustained by the mother as
   the result of the injury to her, without regard to the damages sustained by
   the original plaintiff as the result of her injury.

Appeal from Wyandotte district court, division No. 1, EDWARD L. FISCHER,
judge. Opinion filed May 8, 1926. Declaratory judgment.

*J. H. Brady,* county counselor, and *T. F. Railsback,* of Kansas City, for the
appellant.

*David F. Carson* and *James T. Cochran,* both of Kansas City, for the ap-
pellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was commenced by
Ruth Hendrix to recover damages for personal injuries occasioned
by a defect in a county bridge. The plaintiff died and, pursuant to
stipulation, the action was revived in the name of her mother, Mar-
garet Hendrix, as next of kin. By leave of court Margaret Hendrix
filed an amended petition, which disclosed that Ruth died of the in-
juries she received in the bridge accident. Defendant moved to
strike the amended petition from the files because it departed in law
and in fact from the original petition. Defendant also demurred to

Abatement and Revival, 1 C. J. pp. 199 n. 3, 253 n. 16; L. R. A. 1915E, 1104.
Death, 17 C. J. p. 1318 n. 30.

the amended petition on the ground Margaret Hendrix had no capacity to sue, and on the ground the petition did not state a cause of action in her favor. The motion was denied, the demurrer was overruled, and defendant appeals.

At the time defendant stipulated that Ruth's action might be revived, and when that action was revived, the cause of her death had not been disclosed. When the fact was brought on the record that Ruth died as the result of the injuries for which she sued in her lifetime, defendant was privileged to insist on abatement of Ruth's action. Her action survived only in the event her death resulted from causes independent of the injuries on which her action was predicated. Sections 420, 421 and 422 of the old code (R. S. 60-3201, 60-3202, 60-3203) have been so interpreted in a long line of decisions beginning with *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, and extending to *Goodyear, Administratrix, v. Railway Co.*, 114 Kan. 557, 220 Pac. 282. The result is, Ruth's action abated, the stipulation to revive and the order of revivor were improvidently made, and the law provides no means for recovery by anybody of the damages prayed for in Ruth's petition.

The amended petition contained the following:

"Plaintiff states that she was dependent upon the said Ruth Hendrix in her lifetime for support, and the said Ruth Hendrix did contribute to her support, and would have continued, had she lived, to provide for the support of this plaintiff, all to her damage in the sum of ten thousand ($10,000) dollars.

"Wherefore, plaintiff prays judgment against said defendant for said sum of ten thousand ($10,000) dollars and the costs of this action."

In all other respects the amended petition stated a cause of action in favor of Margaret Hendrix, as next of kin, for the wrongful death of her daughter Ruth. Therefore the amended petition was a new petition, by a new plaintiff, setting up a new cause of action, the injury to Margaret Hendrix consequent upon the accident at the bridge. So considered, the amended petition was good against the demurrer. Did the district court commit prejudicial error in refusing to strike it from the files?

Ruth's petition was filed on August 30, 1922. Her death occurred on July 31, 1923. The amended petition was filed on September 16, 1924. The motion was denied and the demurrer was overruled on May 23, 1925. Had the amended petition been stricken from the files, Margaret Hendrix could have refiled it and caused summons to be issued upon it at once. The statute of limitations had not run,

Hendrix v. Wyandotte County Commissioners.

the situation of the parties had not changed, and the privilege of the defendant to be served anew was a privilege without profit or advantage. Margaret Hendrix has not been willing to concede that the amended petition bore no relation to the original petition and that she gained nothing by the revivor. The district court did not state its views on the subject. Had the concession been made, or had the district court indicated that if Margaret Hendrix recovered, her damages would be limited to those which she sustained, without regard to the damages which Ruth sustained, the defendant would doubtless have entered appearance in order to save costs and delay. The result is, defendant should be permitted to answer the amended petition, and the action should proceed to final determination as if commenced in due form. Such a practice was approved in the case of *Blair v. Craddock*, 87 Kan. 102, 123 Pac. 862. In the opinion it was said:

"The filing of the so-called amendment amounted to nothing short of the institution of a new proceeding in ejectment, which necessarily dated from the time it was filed.

"Giving to the proceeding the effect just described, the court did right in entertaining it. Blair might have filed a petition in ejectment and caused summons to issue instanter. No beneficial purpose could be subserved by compelling these steps to be taken. Time and expense could be economized and the parties could be placed in the same situation by allowing Blair to plead anew while no substantial right of Craddock could be impaired." (p. 105.)

At the oral argument, the position of defendant's attorney was that the appeal was virtually one for a declaratory judgment, and the judgment will be that the district court proceed in accordance with the views which have been expressed.