No. 30,723.

LUCY E. WRIGHT, Administratrix of the Estate of Albert E. Wright, Deceased, *Appellant*, v. JAMES E. SMITH, Administrator of the Estate of Alfred G. Armstrong, Deceased, *Appellee*.

(14 P. 2d 640.)

Opinion filed October 8, 1932.

*J. J. Schenck, C. P. Schenck,* both of Topeka, and *Ralph U. Pfouts,* of Atchison, for the appellant.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove, Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a demurrer to a petition which purported to plead a cause of action for the wrongful death of Albert E. Wright and for the negligent destruction of his automobile.

On the night of April 30, 1930, Wright was driving westward on federal highway No. 40 a few miles west of Kansas City. At the same time Alfred G. Armstrong was driving eastward on the same highway. Their automobiles collided; both men were killed, and Wright's automobile was destroyed.

This action was brought by the administratrix of Wright's estate, on the personal behalf of herself as his widow and sole heir. The defendant is the administrator of Armstrong's estate. Plaintiff alleged that the fatal collision was caused by the negligence of Armstrong; that Wright was instantly killed, and that Armstrong died shortly afterwards.

Plaintiff prayed judgment for $10,000 for the death of Wright and for $750 for the destruction of his automobile.

The trial court sustained a demurrer to plaintiff's petition and the correctness of that ruling is the question presented for our review.

Counsel for plaintiff direct our attention to three paragraphs of the statute, which read:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." (R. S. 60-3203.)

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same." (R. S. 60-3201.)

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant." (R. S. 60-3202.)

Probably no sort of lawsuit is more familiar to the bench and bar than one of the kind sanctioned by R. S. 60-3203 brought on behalf of the next of kin of a person killed through the negligence or wrongdoing of another. If Alfred Armstrong were alive he could be subjected to an action in behalf of Wright's widow for damages for negligently causing the death of her husband. But where is the

authority for such an action against Armstrong's administrator? Counsel for appellant say it is given by the terms of R. S. 60-3201. Let us critically examine that section as quoted above. We need not concern ourselves with the sort of causes of action which survive at common law. Counsel for these litigants agree that an action for damages for the wrongful death of a person is not of that character. By the express terms of R. S. 60-3201 a cause of action will survive the death of the party who in his lifetime would have been entitled to maintain it, and it will also survive the death of the party "liable to the same," for any of the following: (a) mesne profits, (b) an injury to the person, (c) an injury to real or personal estate, (d) deceit or fraud.

It hardly needs to be observed that "mesne profits," "injury to real or personal estate," or "deceit or fraud" have no bearing on so much of the case at bar as is concerned with the death of Albert Wright. Does the provision allowing revivor of a cause of action for "an injury to the person" cover the matter? At first blush it might seem so, but upon examination of the decisions of this court for half a century we find that it is *stare decisis* that the right of revivor of an action for an injury to the person does not cover the case of a personal injury which causes the death of the injured person. To illustrate: If Armstrong had struck Wright with his fist, Wright would have a cause of action against Armstrong for injury to his person. And under R. S. 60-3201 such a cause of action would survive the death of Wright if he had died of smallpox or of any ailment not at all related to the personal attack made on him by Armstrong. But where the injury to the person actually causes the death of the injured person the right of redress is given by R. S. 60-3203 exclusively.

This ruling was first announced fifty-five years ago in the case of *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, where it was said:

"It is claimed that, whatever construction this court may give to section 422 [R. S. 60-3203], that the plaintiff's cause of action is supported by section 420 of the code [R. S. 60-3201] . . .

"The plaintiff has declared on the cause of action given by section 422, and not on that given by section 420. But if sufficient facts were contained in the petition, so that section 420 could be considered, we do not think the position of the plaintiff would be any better to sustain his claim. . . . In the revision of 1868, these sections were embodied in the civil code as sections 420 and 422, are a part of the same act, and were adopted at the same time. They must be construed *in pari materia*. The purpose of section 422 is evidently not

only to fix the amount of damages, and limit them to the use of the widow and children, or next of kin, but to take away the right of the administrator to sue for the benefit of the estate generally, where death resulted from the injuries. *Section 420,* as construed with section 422, *only causes the actions to survive for injury to the person, when the death does not result from such injury, but does occur from other circumstances.* The right of the action under section 422 is exclusive; and an administrator could not maintain an action under sections 420 and 422 for the same injury. When death results from *wrongful acts,* section 422 is intended solely to apply." (p. 52.)

The same ruling has been uniformly declared in the later cases wherein this court has had to consider the point. In *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113, where the parents of a two-year-old child recovered judgment in the district court for its death caused by falling into a privy vault situated beside an alley which the city had negligently permitted to exist without railing or guard, this court reversed the judgment, saying:

"Section 420 of the civil code, as construed with § 422, only permits actions to survive for injury to the person when death does not result from the injury but occurs from other causes. When death results from the injury, § 422 is exclusive. (*McCarthy v. Railroad Co.,* 18 Kan. 46; Tiffany, Death by Wrongful Act, § 119.) Under § 422 the action for damages or loss by death from the wrongful act or omission must be commenced by the personal representative of the deceased. . . .

"Counsel for the defendants in error cite § 420 of the civil code as giving the right of action, but this is contrary to the prior decisions of this court, where death results from the injury. If § 420 was of any force where death occurs by wrongful act, which it is not, an administrator or personal representative of the deceased, and not the parents, as next of kin, would be entitled to bring the action; but §§ 422 and 422a of the civil code take away the right of the administrator to sue for the benefit of the estate when death results from the wrongful act or omission of another. It is immaterial whether the death is or is not instantaneous." (pp. 797, 798.)

In the syllabus of this case it was said:

"Section 420 of the civil code, as construed with §§ 422 and 422a [R. S. 60-3204] of the civil code, only permits actions to survive for injury to the person when death does not result from the injury." (Syl. ¶ 3.)

In *Martin v. Railway Co.,* 58 Kan. 475, 49 Pac. 605, the syllabus illustrates the significance to be attached to these respective sections of the code:

"*Action begun by injured person who afterward dies from injury, does not survive to personal representative.* Where the injured person dies from other causes, an action for personal injuries survives to the personal representative, under section 420 of the civil code. If death results from the injuries, an action cannot be maintained by the personal representative of the deceased

for the benefit of the estate, but may, under section 422 of the civil code, be brought for the benefit of the next of kin. *McCarthy v. Railroad Co.*, 18 Kan. 46; *Eureka v. Merrifield,* 53 Kan. 794." (Syl.)

In *Berner v. Mercantile Co.*, 93 Kan. 769, 135 Pac. 567, one Martha L. Schmidt sued the defendant mercantile company and others for injuries caused by the bite of a dog. She died while the action was pending, and the action was settled by defendants paying $1,000 to her administrator. Later the administrator began a new action for the benefit of the next of kin. In it plaintiff alleged that Martha's death resulted from the bites of a dog. Plaintiff was non-suited by the trial court's ruling on demurrer, and in affirming the judgment this court, speaking by the late Mr. Justice Mason, said:

"Upon the death of Mrs. Schmidt her cause of action survived and could be prosecuted by the administrator (Civ. Code, § 417), unless her death was the result of the bite of a dog, in which case no action could be maintained except under the death-claim statute. (*City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Martin v. Railway Co.,* 58 Kan. 475, 49 Pac. 605.)" (p. 771.)

In *Goodyear, Administratrix, v. Railway Co.*, 114 Kan. 557, 220 Pac. 282, the court, speaking by Mr. Justice Harvey, again commented on this general subject:

"In this state we have a statute providing an action for death by wrongful act by the personal representative (Gen. Stat. 1915, § 7323). [R. S. 60-3203.] . . . Under these statutes it was held, in *McCarthy, Adm'r, v. Railroad Co.,* 18 Kan. 46, that under our survival statute the only causes of action to survive for injury to the person is when the death does not result from the injury, but occurs from some other circumstance; that if the death was the result of the injury the action should be solely under section 7323. Judge Brewer was a member of this court at that time and concurred in the decision and afterwards, while judge of the federal court of this state, in the case which arose before him involving the statute, *Hulbert v. City of Topeka,* 34 Fed. 510, he questioned the correctness of the decision. However, the conclusion reached in that case has been uniformly adhered to by this court. *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Martin v. Railway Co.,* 58 Kan. 475, 49 Pac. 605; *Railway Co. v. Bennett,* 58 Kan. 499, 49 Pac. 606, disapproving contrary position taken in the same case by the court of appeals, 5 Kan. App. 231; *Sewell v. Railway Co.,* 78 Kan. 1, 96 Pac. 1007; *Berner v. Mercantile Co.,* 93 Kan. 769, 145 Pac. 567. The same conclusion was reached in *Holton v. Daly, Admx.,* 106 Ill. 131, and *Lubrano v. Atlantic Mills,* 19 R. I. 129." (p. 567.)

Other recent cases in accord with the foregoing are: *Hendrix v. Wyandotte County Commissioners*, 121 Kan. 85, 245 Pac. 1052; *Routh v. List & Weatherly Construction Co.*, 124 Kan. 222, 257 Pac. 721.

Counsel for appellant direct our attention to the case of *Seamans v. Brown*, 109 Kan. 448, 199 Pac. 473, where a cause of action was upheld against the administrator of a deceased person who had induced the plaintiff to marry him by falsely representing himself to be a single man. That was essentially a cause of action for damages sustained through fraud and deceit perpetrated on plaintiff by defendant's intestate, and therefore it was one of the causes of action which survive under the express terms of R. S. 60-3201. Such a cause of action will survive, and "such an action may be brought," says the statute, "notwithstanding the death of the person . . . . liable to the same." Of course, where such an action survives notwithstanding the death of the person *liable to the same* (that is, the wrongdoer), of necessity it must be prosecuted against the administrator of the wrongdoer's estate. And the cited case so held.

The court is impressed with the respectable line of authorities from other jurisdictions which the diligence of appellant's counsel has collated for our examination wherein it has been held that a cause of action for wrongful death can be instituted and maintained against the administrator or executor of the wrongdoer's estate. (*Devine v. Healy*, 241 Ill. 34; *Putnam v. Savage*, 244 Mass. 83; *Anderson et al. v. Wirkman*, 67 Mont. 176; *Hackensack Trust Co. v. Vanden Berg*, 88 N. J. L. 518; 8 R. C. L. 777.) If our present question were an open one, these decisions might well be followed. But our precedents running back for half a century cannot be ignored. Moreover, our code has been revised twice since the McCarthy case was decided, and the legislature has been content to let the law stand as this court has interpreted it during this long period.

In *Levin v. Muser*, 107 Neb. 230, an action was brought to recover for the wrongful death of plaintiff's husband. The defendant and alleged wrongdoer, Carl T. Schmidt, died after the action was begun. Revivor was permitted by the trial court against Muser as administrator of Schmidt's estate. In affirming the judgment of the trial court the supreme court of Nebraska cited a section of the Nebraska civil code (Rev. St. 1913, § 8023) which corresponds closely in text and purpose with one section of our code, R. S. 60-3202, which provides that aside from a few enumerated actions not here pertinent no action pending in any court shall abate by the death of either of the parties thereto. It might very well be that if Armstrong had lived long enough to have been sued for the

wrongful death of Wright and had then died, such action could have been revived against Armstrong's administrator under the precise letter and purpose of R. S. 60-3202 and in accord with the Nebraska case just cited.

It seems clear that unless our own precedents are to be overruled and we are to indulge in judicial legislation it must be held that the defendant administrator of the Armstrong estate cannot be subjected to an action for damages for the alleged wrongful death of plaintiff's intestate, and the judgment of the district court on this principal phase of this lawsuit must be affirmed.

But what about so much of plaintiff's action as purports to sue for damages for the destruction of Wright's automobile? The demolition of the automobile was "an injury to the personal estate" of Albert E. Wright; and by the express terms of R. S. 60-3201 a cause of action for such an injury survives the death of the party (Wright) who would have been entitled to maintain it in his lifetime; and it likewise survives the death of the party "liable to the same," to wit, Armstrong. Obviously this item of damages gives a cause of action which plaintiff can maintain against defendant under R. S. 60-3201 and under the reasoning of *Seamans v. Brown,* supra.

It follows that the judgment of the district court should be affirmed so far as its ruling relates to the damages claimed for the wrongful death of plaintiff's intestate, but in respect to plaintiff's claim for damages for the destruction of Wright's automobile the judgment is reversed and the cause remanded for further proceedings consistent herewith.

It is so ordered.

HARVEY, J., dissenting.