No. 33,628

C. W. KELLY, *Appellant,* v. J. M. JOHNSON, as Administrator of the Estate of William Johnson, Deceased, *Appellee.*

(75 P. 2d 209)

Opinion filed January 29, 1938.

*Roy C. Davis, Warren H. White, Frank S. Hodge, Wm. H. Vernon, Jr.,* and *Eugene A. White,* all of Hutchinson, for the appellant.

*C. G. Dennis,* of Sublette, *C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from an order sustaining a demurrer to parts of his petition.

Plaintiff was engaged in the operation of a truck line and had in his employ as a driver one Earl J. Stucky. On October 7, 1936, Stucky, while driving his employer's truck, had a collision with William Johnson, as a result of which both Stucky and Johnson were

killed. Kelly's truck and cargo were destroyed. Kelly and Stucky were under the workmen's compensation act, and Marcella Stucky, as widow and sole dependent of Stucky, made claim under the act and was awarded compensation and expenses in the total sum of $2,876.50.

Kelly instituted action against the administrator of Johnson's estate by filing a petition containing three counts or causes of action. In the first cause of action he alleged that Johnson was guilty of negligence causing the collision and consequent loss of the truck and cargo, to his damage in the sum of $3,680.39. In the second cause of action he alleged the facts with reference to the award under the workmen's compensation act and sought recovery for the amount thereof, and in the third cause he alleged that Stucky at the time of · his death was a young man, married to Marcella Stucky, whom he left as widow and next of kin; that by reason of the wrongful death she was deprived of the benefit of his earnings, which would have been in excess of $10,000 and, except as to the award of compensation, was entitled to recover that sum, and that plaintiff claimed that amount in his own name for and on behalf of the parties entitled, as authorized by the workmen's compensation act. His prayer was for the total sum of $13,680.39.

Defendant's demurrer, also covering other grounds, was sustained to the second and third causes of action on the ground plaintiff had failed to state facts sufficient to constitute a cause of action.

Appellant recognizes that this court in *Wright v. Smith*, 136 Kan. 205, 14 P. 2d 640, 2 J. B. K. 145, after reviewing many of our decisions pertinent thereto, held that a right of action for causing wrongful death is exclusively conferred by G. S. 1935, 60-3203, and not by G. S. 1935, 60-3201, and that such a cause of action does not survive the death of the wrongdoer and cannot be maintained against his administrator. However, he contends, as was recognized in the opinion, that there is authority from other jurisdictions holding such a cause of action does survive, and that we should not extend our previous holding to include the claim of an employer against a negligent third person; that a logical construction of the wrongful-death statute, the survivorship statutes and the workmen's compensation act taken together, leads to the conclusion an employer is not barred from recovering from the estate of a tort-feasor by reason of his death in the accident out of which the claimed liability arose.

The specific question decided in *Wright v. Smith*, supra, has not

since arisen until in the instant case. Notwithstanding appellant's contention that the holding in that case is against the weight of authority, we observe that in a note in 2 J. B. K. 145 it is said the decision is in accord with the statute and with the great weight of authority in this country, and in an annotation on "Survival of cause of action for personal injury or death against tort-feasor killed in the same accident," 70 A. L. R. 1319, it is said:

"It is a general rule that, in the absence of special survival statutes, the death of a tort-feasor or wrongdoer abates an action or right of action against him to recover damages for personal injuries or for death due to his wrongful or negligent act."

Also, see the annotation on "Survival of action or cause of action for wrongful death against representative of wrongdoer," 61 A. L. R. 830. It must be borne in mind that variance in survival statutes has a material bearing on the question, as does the question whether plaintiff seeks to recover for injuries to person or property or for wrongful death.

A reëxamination of the general question does not lead us to any different conclusion than was reached in *Wright v. Smith,* supra, and were the action against Johnson's administrator to recover for the wrongful death brought by Marcella Stucky, either as administratrix or as next of kin of her deceased husband instead of by the present plaintiff, we should unhesitatingly hold it could not be maintained.

Appellant, however, contends that the workmen's compensation act extends the employer's common-law right to reimbursement from the estate of the wrongdoer for the compensation award he was compelled to pay. It may be observed there are no common-law rights involved. Actions for wrongful death could not be maintained at common law. (See *Railway Co. v. Fajardo,* 74 Kan. 314, 86 Pac. 301; *White v. Atchison, T. & S. F. Rly. Co.,* 125 Kan. 537, 265 Pac. 73; *Cudney v. United Power & Light Corp.,* 142 Kan. 613, 51 P. 2d 28.) Such an action could not be maintained in England until Lord Campbell's act was enacted in 1846. In Kansas, we have had some statutory provision since 1859. Liability arises from statute and not from common law. And the same thing is true of rights and liabilities under the workmen's compensation act; they are entirely statutory.

The workmen's compensation act does not have any provision giving to any employer a cause of action against a wrongdoer for the wrongful death of his employee. Under G. S. 1935, 44-504, it is pro-

vided that where death for which compensation is payable was caused under circumstances creating a legal liability against some person other than the employer to pay damage, the personal representative of the deceased workman shall have a right to elect whether to take compensation or pursue his remedy against the wrongdoer, and omitting provisions not now material, acceptance of compensation operates as an assignment of any cause of action in tort which the personal representative may have against the wrongdoer, and the employer may enforce such liability in his own name or in the name of the workman and against the wrongdoer for their benefit as their interests may appear. Was it the purpose and intendment of that statute to create a new cause of action, or simply to place the employer in the position occupied by the representative of the deceased workman? Under the workmen's compensation act in its form prior to 1927, a somewhat different provision existed with respect to the employer's right to maintain an action against a negligent third person (R. S. 44-504), but in an action in which the force and effect of such delegated right was involved (*Maryland Casualty Co. v. Ladd*, 121 Kan. 659, 249 Pac. 687), it was said:

"The plaintiff is seeking to enforce the right of action which Branson had. It was given, and had, no greater or different right against Ladd than Branson had. By the substitution permitted under the statute plaintiff became entitled to the rights and remedies possessed by the injured party. Branson's only right of action was one for damages for a wrongful personal injury. The substitution placed the plaintiff in the shoes of Branson, who was entitled to recover from Ladd not compensation but damages, and in such an action the defendant could make any defense that would have been open to him if the action for damages had been brought by Branson, including the one that the right of action against him was barred by the statute of limitations. The substitution did not change the nature of the action nor the liability of Ladd." (p. 662.)

(See, also, 71 C. J. 1552.)

It requires no extended discussion to show that an employer has no cause of action for the wrongful death of his employee under the statute creating that sort of an action (G. S. 1935, 60-3203), and we think it clear that the workmen's compensation act does not create such a right of action. All that it does is to permit the employer to maintain a cause of action which the personal representative of the deceased workman might have maintained, had not compensation been accepted with resulting legal assignment of any cause of action there may have been against a negligent third person. The employer has no greater rights than the personal representative of the deceased

workman. Extensive annotations on rights and remedies arising under workmen's compensation acts where an employee is injured by the negligence of a third person may be found in 19 A. L. R. 766, 27 A. L. R. 493, 37 A. L. R. 838, 67 A. L. R. 249, 88 A. L. R. 665 and 106 A. L. R. 1040.

In what has been said we have not attempted to distinguish between the attempt to recover the award of compensation as alleged in the second cause of action, and the attempt to recover for the wrongful death as alleged in the third cause of action. We are not convinced by appellant's argument that because he was compelled to pay compensation to Stucky's widow that he suffered any injury to his personal estate, and that therefore a cause of action survived the wrongdoer's death (G. S. 1935, 60-3201). Such a contention presupposes he had a cause of action against the wrongdoer. His only liability to pay compensation arises under the workmen's compensation act. Under that act the workman might claim compensation from him or he might seek damages, not compensation, from the wrongdoer. When, by virtue of accepting compensation, the workman's rights passed to the employer, all the employer had was a right to seek damages, and in this case those damages are for wrongful death. It seems apparent that the subject matter of the second cause of action is a part of the third cause, and that if there could be recovery under any circumstances, it would be limited to damages for wrongful death, and out of any recovery the employer would be reimbursed for the compensation paid, the balance, if any, being for the benefit of dependents of the deceased workman. The workmen's compensation act would seem to contemplate this and the wrongful-death statute would seem to require it. We think the amount sought to be recovered in the second cause of action is part and parcel of that sought to be recovered in the third cause of action.

We conclude that plaintiff is not entitled to maintain an action against the administrator of the deceased Johnson, and that the trial court properly sustained the demurrer to the second and third causes of action of his petition.

The judgment of the trial court is affirmed.