BURFORD, Ex'x, v. EVANS et al.

No. 30576. Dec. 1, 1942.

*132 P. 2d 653.*

P. D. Erwin, of Chandler, for plaintiff in error.

J. Berry King and George J. Fagin, both of Oklahoma City, and William A. Vassar, of Chandler, for defendants in error.

PER CURIAM. This action was instituted by W. J. Evans and Margaret Ethel Evans, hereinafter referred to as plaintiffs, as the next of kin of Billy Jack Evans, their deceased minor son, against Luella E. Burford as executrix of the estate of William R. Burford, deceased, hereinafter referred to as defendants, to recover from his estate damages for the death of their said minor son, alleged to have been caused by the wrongful act of one J. L. Woolsey, at a time when he was in the employ of the defendant's testator. The said J. L. Woolsey was not impleaded in the action, recovery being sought solely against the estate of William R. Burford, deceased, on the theory that he was the responsible tort-feasor under the doctrine of respondeat superior.

The defendant by plea in the nature of a plea in abatement, demurrer, and objection to introduction of evidence challenged the right of plaintiffs to maintain an action of this nature against the estate of her testator. Exceptions were saved to the adverse rulings of the court thereon. Trial had to a jury resulted in a verdict in favor of plaintiffs in which their recovery was assessed at the sum of $700. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of the judgment below, the defendant assigns 23 specifications of error which are presented under seven propositions. The first proposition submitted, which is, in substance, that an action for wrongful death abates upon the death of the tort-feasor and does not survive against his estate, is decisive of this appeal, and for this reason we do not consider or discuss any of the other propositions advanced by the defendant.

An action for damages on account of wrongful death was unknown to and did not exist at common law. Such action was created and came into law upon the passage of Lord Campbell's Act in 1846. Similar statutes were thereafter enacted by the states of the Union. Our statute conferring said right is similar to the statute of Kansas and now appears as 12 O. S. 1941 § 1053. The Supreme Court of Kansas, beginning with the case of McCarthy, Adm'r, v. Railroad, 18 Kan. 46, 26 Am. Rep. 742, and consistently thereafter, has construed said statute to be one creating a new and independent cause of action independent of any injury done to a deceased person and which abates upon the death of the wrongdoer and does not survive as against his estate. See City of Eureka v. Merrifield, 53 Kan. 794, 37 P. 113; Martin v. Ry., 58 Kan. 475, 49 P. 605; Missouri Pac. Ry. Co. v. Bennett, 58 Kan. 499, 49 P. 606; Wright v. Smith, 136 Kan. 205, 14 P. 2d 640; Kelly v. Johnson, 147 Kan. 74, 75 P. 2d 209. Such construction is not only in accord with the weight of authority, but is supported by the better reasoned cases. See Kranz v. Wisconsin Trust Co., 155 Wis. 40, 143 N. W. 1049; Ann. Cas. 1915C, 1050; Claussen v. Brothers, 148 S. C. 1, 145 S. E. 539, 61 A. L. R. 826, and cases referred to in the annotation under the A. L. R. citation. See, also, 25 C. J. S. p. 1135, § 42; 1 Am. Jur. p. 97, § 141.

The plaintiff cites St. Louis-S. F. R. Co. v. Goode, 42 Okla. 784, 142 P. 1185, and Casteel v. Brooks, 46 Okla. 189, 148 P. 158, as authority for holding that the prior construction given by courts of Kansas are not controlling and as justifying a contrary conclusion here. An examination of the cases cited, however, will reveal that they are authority for the rule that an injury done to a person in his lifetime survives even though another action for wrongful death may accrue, and for the rule that an injury done to the person alone survives and may be maintained against the estate of a deceased tort-feasor. This does not conflict with the rule that an action for wrongful death does not survive, for in the instances enumerated the survival statute, 12 O. S. 1941 § 1051, applies, whereas in the case of wrongful death that statute has no application.

The petition of plaintiffs disclosed on its face that their cause of action against William R. Burford had died with him, and that it was one which could not and did not survive against his estate, and therefore the plea in abatement interposed by the defendant should have been sustained and the action dismissed.

For the error so shown it is necessary to reverse the cause, with directions to sustain the demurrer in the nature of a plea in abatement and to dismiss the action.

Reversed, with directions.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.