No. 41,114

HILDA P. C. PROWANT, Administratrix of the Estate of R. J. Prowant, Deceased, *Appellant*, v. KINGS-X, INC., a Corporation, *Appellee.*

(347 P. 2d 254)

Opinion on rehearing filed December 12, 1959. ▮▮▮ (For original opinion see 184 Kan. 413, 337 P. 2d 1021.)

*Payne H. Ratner, Jr.,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Cliff W. Ratner, Gerald D. Laswell,* and *Edmund R. Learned,* all of Wichita, were with him on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Robert H. Nelson* and *Patrick F. Kelly,* both of Wichita, were with him on the briefs for the appellee.

### OPINION OF REVERSAL ON REHEARING

The opinion of the court was delivered by

JACKSON, J.: A rehearing was granted in this case, and it has been reargued. The majority of the court is now of the opinion that the manifest error of the original *obiter dictum* found first in the case of *McCarthy, Adm'r, v. Railroad Co.,* 18 Kan. 46, need not be further adhered to by this court. The history of the error in the McCarthy case is quite adequately set forth in the dissenting opinion beginning in 184 Kan., at page 416 of the first report of this case. This dissenting opinion is hereby incorporated by reference.

It may be re-emphasized, that no property rights become fixed in a rule of civil procedure, and that the doctrine of *stare decisis* should not be followed if the former decision is manifestly in error (14 Am. Jur. 288, § 68; *Cain v. Miller,* 109 Neb. 441, 448, 191 N. W. 704, 30 A. L. R. 125; and *L. & N. R. Co. v. Hutton,* 220 Ky. 277, 295 S. W. 175, 53 A. L. R. 1328).

It may be noted that the Supreme Court of the United States in *Girouard v. United States,* 328 U. S. 61, 66 S. Ct. 826, 90 L. Ed. 1084, pointed out the fallacy of adhering to an erroneous construction of

a statute even though the legislature had had opportunity to correct the court's error.

From what has been said above it is clear that the statements found in *McCarthy, Adm'r, v. Railroad Co.*, supra, and all cases recognizing the rule of the McCarthy case as the law of this state are disapproved, see cases on page 415 of the first opinion of the court in this case. It would seem that only in *City of Eureka v. Merrifield*, 53 Kan. 794, 37 Pac. 113; *Martin v. Railway Co.*, 58 Kan. 475, 49 Pac. 605; and *Wright v. Smith*, 136 Kan. 205, 14 P. 2d 640, was the erroneous rule of the McCarthy case thought to have any application to the case then before the court. Be that as it may, the majority of this court is convinced that the survival statute, G. S. 1949, 60-3201, means just what it says; that an action for personal injury survives the death of the injured party, and that the cause of the death has no bearing upon the survival of the action. No one argues that the history and meaning of the statute is at all in doubt, and we believe it is time to cease adhering to gross error.

The learned trial court relying upon the McCarthy case sustained a motion to strike the first cause of action in plaintiff's petition (see first opinion); this order must be reversed. Other matters require no comment. The motion to strike should be overruled. It is so ordered.

PARKER, C. J. (dissenting): I dissent from the majority opinion for reasons set forth in the court's opinion in *Prowant, Administratrix, v. Kings-X*, 184 Kan. 413, 416, 337 P. 2d 1021, and the long line of decisions therein cited, adhering to the rule announced in *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46.

PRICE, J., dissenting: I am unwilling to regard the principle and doctrine of *stare decisis* as lightly as the majority of my colleagues, and therefore dissent.

With one stroke of the pen, so to speak, the court today strikes down and overrules a long line of consistent decisions construing the statute in question. The McCarthy case was decided in 1877, and during the intervening years the rule there announced has been attacked and challenged on numerous occasions but has been adhered to consistently by the many able judges who have sat on this court and reconsidered the question. Under the circumstances, therefore, such construction must be considered to be the settled law of this state until changed by the legislature.

The fundamental basis of the doctrine of *stare decisis* is that for the sake of certainty and stability in the law a conclusion reached in one case should be applied to succeeding cases if the facts and questions are substantially the same, to the end that those who are bound by it may rely upon it. The application of the doctrine is essential to the maintenance and performance of a well-ordered system of jurisprudence, making it possible for trial courts to adjudicate controversies in reliance on decisions of this court rather than be subjected to the uncertainties brought about by changes in personnel of the court.

The question being one of statutory construction consistently adhered to for eighty-two years, a change, if any is to be made, should be by the legislature and not this court.